[No. 39634.   Department Two.   November 21, 1968.]

GUS COSTACOS, *Appellant,* v. EVERETT M. SPENCE *et al.,* *Respondents.**

*Leon L. Wolfstone* (of *Wolfstone, Panchot & Kleist*), for appellant.

*Charles E. Wagg, Jr.,* for respondents.

RYAN, J.†—This is a "slip and fall" case set in motion by events following a sharp earthquake which occurred in the Seattle area at approximately 8:30 a.m. on April 29, 1965. The appellant suffered the injuries complained of when he fell on the floor of respondents' store premises about 2 hours after the earthquake. He bases his claim on two theories of liability. The first is that respondents failed to

*Reported in 447 P.2d 704.

†Judge Ryan is serving as a judge pro tempore of the Supreme Court pursuant to Art, 4, § 2(a) (amendment 38), state constitution.

maintain the premises in a reasonably safe condition, or to give adequate warning of a dangerous condition. The second is that respondents were actively negligent in failing to make the premises safe after the earthquake. A jury trial resulted in a verdict and judgment thereon, favoring the respondents.

The shock of the earthquake had caused widespread damage in the area surrounding respondents' drugstore. Bricks had been loosened on the face of many buildings and had fallen on marquees and on the streets and sidewalks. Merchandise on store shelves had been catapulted to the floors with resulting breakage and spillage.

Respondents' store became a shambles, with littered aisles of broken bottles, oils, medicines and other drug supplies spilled on the floor. Mr. Everett M. Spence, his son, Robert Spence, who was employed in the store, another employee and a visiting drug salesman busied themselves as soon as possible in cleaning up the premises. They sorted the debris for salvage and swept it into piles for disposal. A side entrance was closed and barricaded. The main doorway was left open but there is a question as to whether or not the entry was blocked in any way.

The appellant entered the pharmacy shortly after 10:30 a.m., knowing that the earthquake had occurred. He was met near the front of the store by Robert Spence, who told him he would go back to the prescription counter and secure a prescription for him. There is a dispute in the testimony relative to whether or not Mr. Spence specifically warned the appellant of the condition of the premises. The sound of sweeping and shoveling was very audible to appellant, who walked straight ahead through the center aisle, while Spence went up the left aisle. Part way to the back counter, appellant fell and was injured. Apparently, his feet slipped from under him as he stepped on a part of the floor where oils of different colors and consistencies had spilled from broken bottles. Mr. Costacos testified that he was unaware of any danger and that the floor appeared clear and safe to walk on. The respondents offered testi-

mony to the effect that the center aisle still had litter on the floor which indicated the possible danger.

The appellant has combined seven assignments of error into the one basic assertion that the trial court erred in the instruction given and in failure to instruct on his theory of liability and the respective duties of the parties.

■ The court gave instruction No. 8 to the jury as follows:

> Every person is charged with the duty of seeing those objects and conditions which he would see if exercising reasonable care. However, the law does not require a business customer to keep his eyes fixed upon the place in which he is walking, unless there is apparent reason to anticipate that the footing is dangerous. A customer has a right to assume that the premises are in a reasonably safe condition for persons exercising reasonable care for their own safety, and he may rely on such assumption until he knows, or should in the exercise of reasonable care know, to the contrary.
>
> The amount of caution that is required depends upon the circumstances of the particular case. The standard of care is what an ordinary reasonable and prudent person would do if he were a customer under the same or similar circumstances.

Appellant relies on *Smith v. Manning's, Inc.*, 13 Wn.2d 573, 126 P.2d 44 (1942), as authority for his objection to this instruction. He urges that the court erred in not giving his proposed instruction No. 8 as follows:

> You are instructed that it is the law that a customer in a store is required to exercise that degree of care for his own safety that an ordinary and carefully prudent person would use under like circumstances. In this connection, you are instructed that reasonable care does not require one walking in a store to keep his eyes constantly directed towards the floor immediately in front of his feet.

An examination of *Smith v. Manning's, Inc., supra*, immediately reveals the differences between the objectionable instruction in that case and the one given by the trial court in the instant case. The instruction in *Smith v. Manning's Inc., supra*, included the following: "a person will be

deemed to have actually seen what he could have seen if he had looked.", and " . . . 'when if she had looked . . ., she would not have fallen.' . . . ." We held that such an instruction virtually directed the jury to find the plaintiff contributorily negligent and that consequently the instruction was erroneous and prejudicial. The debris on which the plaintiff had fallen was not so conspicuous, we stated, as to challenge her attention, and she was under no duty to watch her footing at every step.

The error in that instruction is explicitly eliminated in the present instruction.

Instruction No. 8, as given by the trial court, contains a correct statement of the law. The appellant has failed to point out how it is erroneous except to compare it to that given in *Smith, supra*, which is entirely different. In the instant case the court did not instruct that a person is charged with seeing what he would have seen if he had looked, but instead that he is charged with seeing what he would have seen if exercising reasonable care. What constitutes reasonable care was further explained and fully amplified. *See Davis v. Bader*, 57 Wn.2d 871, 360 P.2d 352 (1961).

Appellant's other principal assignment of error is that he was precluded from presenting the theory of liability based on respondents' negligent act or omission, because the court omitted an instruction covering this theory. We find no merit in this contention. The trial court did fully instruct on negligence, the appellant was allowed to present all available evidence and to argue this theory to the jury.

The other assignments of error urged by the appellant are interspersed and entangled in his two basic claims. Some are not supported by citation of authority, some were not properly asserted in the trial court and we find no merit in any.

The judgment is affirmed.

FINLEY, C. J., HILL, HUNTER, and HAMILTON, JJ., concur.

March 20, 1969. Petition for rehearing denied.