[No. 520-41336-1.     Division One—Panel 1.     May 24, 1971.]

MILTON E. CHASE et al., *Appellants*, v. CONTINENTAL TRADING CORPORATION et al., *Respondents*.

*Cushman, Thomas & Holt* and *R. M. Holt*, for appellants.

*Merrick, Burgess, Hofstedt & Keating,* for respondent Continental Trading Corporation.

*Ogden, Ogden & Murphy,* for respondent Lucky Stores, Inc.

WILLIAMS, J.—This action was brought to recover for personal injuries sustained by plaintiff Anne E. Chase when she slipped and fell in the drug store owned by defendant Continental Trading Corporation. Her appeal, taken with her husband from an adverse verdict, raises the question of whether or not there was sufficient evidence of her contributory negligence to carry that issue to the jury.

The drug store, and the grocery owned by respondent Lucky Stores, Inc., are located next to each other in the same building. A doorway in the wall between the stores permits free passage for the customers of each, and appropriate signs invite traffic between each.

At the time of her fall, appellant wife had entered the drug store en route to the grocery store via the doorway between the two. As she passed through the drug store, she looked at the checkstand, then turned a corner and while doing so, fell. It developed that grapes or cherries, ostensibly from the grocery, had been spilled on the floor in the vicinity of her fall and that she might have slipped on one of them.

Appellants' principal contention is that it was error to submit the issue of contributory negligence to the jury because appellant wife had no duty to look at the floor for her own safety in view of the effort taken by the store to attract her attention to the merchandise on display. It is true that the sale of merchandise was one of the purposes of the drug store, and the displays were designed to attract attention.

██ Appellant wife was under the normal and continuing duty of self-care. *Costacos v. Spence,* 74 Wn.2d 884, 447 P.2d 704 (1968). Conceivably, she could be excused in whole or in part from the exercise of that duty by distractions in the form of displays in the store. A display of

merchandise could be so striking as completely to divert her from attending to her own well-being, or it could have been so dull as not to attract her attention at all. We are satisfied that it was neither the one nor the other, but somewhere in between, thus presenting a question of fact for the jury to determine.

In connection with this issue appellants assign error to the giving of the following instruction: "One is charged with the duty of seeing that which he would have seen had he been exercising ordinary care." The instruction correctly states the law; and, although it is in addition to the general instructions on negligence which were given, its inclusion was proper. *Davis v. Bader,* 57 Wn.2d 871, 360 P.2d 352 (1961).

We have not mentioned the part which respondent Lucky Stores, Inc., as the owner of the adjacent store, played in this case because of our affirmance of the judgment of dismissal entered on the verdict of the jury.

The judgment is affirmed.

HOROWITZ, C.J., and UTTER, J., concur.

Petition for rehearing denied June 22, 1971.

Review denied by Supreme Court August 26, 1971.