[No. 37755.    Department Two.    June 17, 1965.]

MARJORIE TOLLI, *Respondent*, v. SCHOOL DISTRICT No. 267 OF WHITMAN COUNTY, *Appellant.**

*Smith, Smith & Smith,* by *Del Cary Smith* and *Neill, Aitken & Schauble,* by *Hugh J. Aitken,* for appellant.

*Richard R. Loucks,* for respondent.

PER CURIAM.—This is an appeal from a judgment entered upon the verdict of a jury in a personal injury action.

Appellant (defendant) assigns error to denial of its motion for new trial or for judgment notwithstanding the verdict, interposed upon the sole ground that the amount of damages awarded was excessive and without substantial evidentiary support.

Briefly stated, the evidence introduced reveals that respondent (plaintiff), 49 years of age, physically active, and an employee of appellant at the time of the accident com-

*Reported in 403 P.2d 356.

plained of, sustained injuries which lit up and aggravated a pre-existing and dormant condition of degenerative osteoarthritis in her right hip. As a result, respondent suffered pain; disability; curtailment of household, job, and recreational activities; and incurred the reasonable necessity of major corrective surgery. The evidence further indicates that but for the accident respondent's arthritic condition could have remained dormant and nondisabling for 5 or more years.

The jury was properly instructed upon the issue of damages. It returned a verdict in the amount of $18,230.

In *Kramer v. Portland-Seattle Auto Freight, Inc.,* 43 Wn.2d 386, 395, 261 P.2d 692 (1953) we noted with approval the early statement of Chancellor Kent announcing that:

"The question of damages was within the proper and peculiar province of the jury. It rested in their sound discretion, under all the circumstances of the case, and unless the damages are so outrageous as to strike every one with the enormity and injustice of them, and so as to induce the court to believe that the jury must have acted from prejudice, partiality or corruption, we cannot, consistently with the precedents, interfere with the verdict. It is not enough to say that in the opinion of the court, the damages are too high, and that we would have given much less. It is the judgment of the jury, and not the judgment of the court, which is to assess the damages in actions for personal torts and injuries. . . ."

Bearing in mind the province of the jury and our appellate function, we have carefully reviewed the statement of facts and considered all of the testimony in the light of appellant's contentions. We are not persuaded that the amount of the verdict is so extravagant or out of proportion to the disabilities induced by the accident as to unmistakably point to passion and prejudice on the part of the jury, or to compel the conclusion that substantial justice has not been done. Though in the view of some the verdict may be considered high, it cannot be said to be lacking in evidentiary support. The trial court did not abuse its discretion in

denying appellant's motion. *Cf. Malstrom v. Kalland,* 62 Wn.2d 732, 384 P.2d 613 (1963); *Teig v. St. John's Hospital,* 63 Wn.2d 369, 387 P.2d 527 (1963); *Guy v. Northwest Bible College,* 64 Wn.2d 116, 390 P.2d 708 (1964).

The judgment is affirmed.