[No. 39765.   Department Two.   October 24, 1968.]

THE STATE OF WASHINGTON, *Respondent and Cross-appellant*, v. THEODORE HALL, *Appellant.**

*Dailey & Brinster,* by *Joseph H. Brinster,* for appellant.

*Robert E. Schillberg* and *Eugene Butler,* for respondent and cross-appellant.

HAMILTON, J.—This is a filiation proceeding tried to a jury. The jury concluded the defendant was not the father of the complaining witness' child. The trial court denied the state's post trial motion for judgment notwithstanding the verdict but granted its alternative motion for new trial.

The defendant appeals from the order granting a new trial and the state cross-appeals from that portion of the order denying judgment notwithstanding the verdict.

The challenged order, in pertinent part, reads:

[A]nd the Court finding that the filiation proceeding is in the nature of a civil action, and that there is no evidence or reasonable inference from the evidence to justify the verdict; and that it is absolutely preponderating and conclusively in favor of the plaintiff and that the verdict is contrary to law in that the law does not differentiate

*Reported in 446 P.2d 323.

between those women who do not know the facts of life and those who do; and concluding that a new trial should be granted, Now Therefore,

It Is Hereby Ordered that plaintiff's motion for judgment notwithstanding the verdict of the jury be denied and that plaintiff's motion for a new trial be granted and that the matter shall be reset for trial.

■ We approach the issues presented by the appeal and cross-appeal with an eye to the rule that when the basis for a post trial motion for judgment notwithstanding the verdict or in the alternative for a new trial is a challenge to the sufficiency of the evidence to support the verdict, the evidence and all reasonable inferences must be viewed and construed in a light most favorable to the party having the benefit of the verdict. If, when the evidence is so viewed, there appears competent and substantial evidence supportive of the verdict, then the verdict must be permitted to stand. In this respect, no element of discretion is involved when passing upon a motion for judgment notwithstanding the verdict. *Frasch v. Leedom,* 62 Wn.2d 410, 383 P.2d 307 (1963). Such a motion can be granted only when it can be said, as a matter of law, that there is no competent and substantial evidence upon which the verdict can rest.

A degree of discretion does exist, however, in this area when passing upon an alternative motion for new trial. *Cyrus v. Martin,* 64 Wn.2d 810, 394 P.2d 369 (1964). In the exercise of this discretion, though, the trial court is not permitted to weigh the evidence and simply substitute its judgment for that of the jury, for to do so amounts to an abuse of discretion. *Bunnell v. Barr,* 68 Wn.2d 771, 415 P.2d 640 (1966). To warrant and justify the exercise of the permitted discretion, the verdict must be so manifestly inconsistent and irreconcilable with the total evidentiary composition—viewed in the favorable light required—as to compel the conclusion that the moving party has been deprived of a fair trial. *Cyrus v. Martin, supra.*

In the instant case the uncontroverted medical evidence indicates that the child born to the complaining witness

was a full-term baby, that is, neither premature nor late. And it is undisputed that the parties engaged in several acts of sexual intercourse without the use of contraceptives at or about the time conception would have normally occurred. The dispute, however, about whether the defendant was the father of the infant centers upon whether the complaining witness, at the time of the parties' indiscretions, was in that portion of her menstrual cycle which favored fertilization, and whether or not she consorted with other men at pertinent times.

The evidence supporting the defendant's contention that he was not the father is of a hypothetical and circumstantial nature. The inferences flowing from it are uncertain and speculative. Witnesses which, in part at least, could have either disputed or corroborated the inferences were not called by either party. The probabilities—arising from the undisputed evidence—that the defendant was in fact the father of the infant in question so overshadow and overwhelm the countervailing inferences as to render the verdict in defendant's favor incompatible with an impartial jury consideration of the evidence. It strains reason to presume that the complaining witness received a fair trial.

Accordingly, the trial court did not err in denying the state's motion for judgment non obstante veredicto and in granting the alternative motion for new trial.

The order is affirmed. Costs will abide the result of the new trial.

HILL, ROSELLINI, and HUNTER, JJ., and BRADFORD, J. Pro Tem., concur.