[No. 35-40230-1.    Division One.    January 19, 1970.]
Panel 1

THE STATE OF WASHINGTON, *Respondent,* v. LARRY EARL HUDSON, *Appellant.*

*Kempton, Savage & Gossard* and *Anthony Savage, Jr.,* for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney,* and *C. N. Marshall, Deputy,* for respondent.

FARRIS, J.—A TR-3 Triumph sports car was stolen from in front of Jim's Foreign Car Service Tuesday morning, November 7, 1967. At about 2:30 a.m. Wednesday morning, November 8, 1967, the defendant was arrested while driving the stolen vehicle. He claimed that he had been working at the time the car was stolen and that he had borrowed the car from a friend, "Jerry," who was never located.

At the trial, the defendant was asked by his attorney if he had any reason to believe that the car was stolen. He answered: "No. I don't assume friends steal cars and lend them to me." On cross-examination, the state sought to impeach this statement by showing that a friend of Hudson's had previously loaned him a stolen car. The defendant complains that the trial court should have excluded the evidence. He also assigns error to the failure of the trial court to instruct the jury as he requested.

The following questions are raised: (1) Was it error to allow impeachment of the defendant on a collateral matter through the use of unrelated misconduct? (2) Did the court err in refusing to give defendant's proposed instruction on possession of stolen property?

The defendant's tongue, not error of the trial court or lack of diligence by his counsel, created his difficulty. He was asked by his counsel on direct examination:

Q At the time that you were given the key to the car did you have any reason to believe in your own mind that

this car was a stolen vehicle or that it had been unlawfully taken? A No. I don't assume friends steal cars and lend them to me. I had no reason. He gave me the key to the car and to my recollection he had a car and I was thinking that it was a sports car. Later on I thought it was a sports car he owned previous. I knew he had a car when he lived on Queen Anne from what he said. He rode the bus to work because it was a convenience.

After impeaching the defendant, in some detail, by his prior conviction for attempted petit larceny, two drunk charges, a minor in possession of alcohol and grand theft, auto, the state turned to the collateral issue. After timely objection by defense counsel the state proposed: "Your Honor please, maybe we could go into this outside of the jury." Under the circumstances, the trial court might have properly excused the jury and limited the state's inquiry. The trial court overruled the objection and the questioning continued. The state asked:

Q Did you or did you not have a friend named Eddie who loaned you a car? On June the 30th, 1967, did you not tell Detective P. T. Cruse of the Seattle Police Department that a friend by the name of Eddie loaned you a car and this was a 1967 gold Chevrolet?

Counsel objected, the court overruled the objection, the question was restated and the defendant answered:

A Donald Eddie Beach is in King County Jail for car theft right now. Q I am asking you if— A Yes, I told P. T. Cruse that.

The court sustained the objection to the question "were you arrested in it?" To the next question "Was this car stolen?" the defendant replied:

I don't know whether it was stolen or not. It was reported—it was made out to be stolen later. I don't know whether it was rented, stolen or what. I know Eddie Beach lent me a car and he is in the King County Jail for it now. I guess I know he is in jail for a stolen car.

■ The introduction of prior acts of misconduct on the part of a defendant by the prosecution is error and grounds for reversal. *State v. Emmanuel*, 42 Wn.2d 1, 253 P.2d 386

(1953); *State v. Cottrell,* 56 Wash. 543, 106 P. 179 (1910). There are exceptions to that rule. See *State v. Goebel,* 36 Wn.2d 367, 218 P.2d 300 (1950). *State v. Hames,* 74 Wn.2d 721, 446 P.2d 344 (1968) reiterated the exceptions and clarified the use of the rule by stating that such evidence is admissible if it is relevant to any material issue before the jury.

We do not agree with the state that the fact that defendant had borrowed a car from a friend some two or three months prior to his arrest was within the exception. Although the friend was later arrested and it was alleged that the car had been stolen, there had been no trial and the defendant was not connected to the alleged theft.

The state also urges that the defendant had put his prior conduct into issue by testifying as to his own past good behavior. While this would justify impeachment, the incident which the state selected, would not qualify within the decisions. (See *State v. Emmanuel, supra; State v. Donaldson,* 76 Wn.2d 513, 458 P.2d 21 (1969).)

In reversing a trial court for admitting evidence of prior misconduct to impeach the defendant on a collateral matter the Supreme Court stated:

> We have intentionally used the phrase "may be admitted" because we are of the opinion that this class of evidence, where not essential to the establishment of the state's case, should not be admitted, even though falling within the generally recognized exceptions to the rule of exclusion, when the trial court is convinced that its effect would be to generate heat instead of diffusing light, or, as is said in one of the law review articles above referred to, where the minute peg of relevancy will be entirely obscured by the dirty linen hung upon it. This is a situation where the policy of protecting a defendant from undue prejudice conflicts with the rule of logical relevance, and a proper determination as to which should prevail rests in the sound discretion of the trial court, and not merely on whether the evidence comes within certain categories which constitute exceptions to the rule of exclusion. We repeat again a particularly apropos statement from *Shepard v. United States* [290 U.S. 96, 78 L. Ed. 196, 54 S. Ct. 22], *supra,* referring to the rules of

evidence: "When the risk of confusion is so great as to upset the balance of advantage, the evidence goes out." *State v. Goebel, supra* at 379.

■ The scope of cross-examination to be allowed on collateral matters which would tend to affect the weight of the defendant's testimony rests within the sound discretion of the trial court. *State v. Goddard,* 56 Wn.2d 33, 351 P.2d 159 (1960). The statement that the state purported to impeach was a collateral matter. Even if the theft of the car had been established, there was no indication that defendant knew it had been stolen. Under these circumstances, it was error to permit the inquiry, although the answers of the defendant made it unnecessary for the state to ask the ultimate question. We do not find that the error was prejudicial. A prejudicial error may be defined as one which affects or presumptively affects the final results of the trial. A harmless error is an error which is trivial, or formal or merely academic and was not prejudicial to the substantial rights of the party assigning it and in no way affected the final outcome of the case. See *State v. Nist,* 77 W.D.2d 229, 461 P.2d 322 (1969) reviewing decisions on harmless error.

The defendant assigned error to the court's refusal to give his proposed instruction on possession of stolen property.[1] We agree that mere possession alone is not sufficient for a conviction of the offense of taking and riding in a motor vehicle without permission of the owner. *State v. Couet,* 71 Wn.2d 773, 430 P.2d 974 (1967). This was covered by instruction 3:

---

[1] "You are instructed that proof of recent possession of a motor vehicle alleged to have been stolen is not of itself sufficient to justify a conviction of Taking And Riding In Motor Vehicle Without Permission of Owner. Therefore if you find beyond a reasonable doubt that said motor vehicle was taken without the permission of the owner and/or the person entitled to possession thereof, and you further find that the defendant was in possession of said motor vehicle, still the defendant's possession thereof, if you so find, is not alone sufficient to warrant you in finding him guilty, but is a circumstance which may be taken in connection with all the other facts and circumstances in the case in arriving at your verdict."

Under the statutes of the state of Washington, it is unlawful for any person, without the permission of the owner or person entitled to the possession thereof, to intentionally take or drive away any automobile or motor vehicle, the property of another. Every person voluntarily driving, riding in, or upon said automobile or motor vehicle with knowledge of the fact that the same was unlawfully taken shall be equally guilty with the person taking or driving said automobile or motor vehicle.

■ Even when the requested instruction is a correct statement of the law, it is not necessary if covered by other instructions, for a litigant is not entitled to have instructions presented in his chosen phraseology. See *Wolff v. Coast Engine Prods., Inc.*, 72 Wn.2d 226, 432 P.2d 562 (1967).

The judgment of the trial court is affirmed.

JAMES, C. J., and SWANSON, J., concur.

Petition for rehearing denied April 8, 1970.