[No. 363-41284-1.    Division One—Panel 1.    July 27, 1970.]

EMBERT JAMES, *Appellant*, v. BEN J. ROBECK *et al.*, *Respondents*.

*Paul J. Fisher,* for appellant.

*Anderson, Hunter, Carlson & Dewell* and *Julian C. Dewell,* for respondents.

FARRIS, J.—Embert James was injured when his automobile was struck by another driven by the defendant, Ben Robeck. In the accident, James suffered injuries to his lower back and some facial lacerations. He has a congenital lower back condition. Liability for the accident is not in issue on appeal.

The jury returned a verdict of $17,000. The trial judge granted defendants' motion for a new trial *unless* the plaintiff agreed to a reduction to $7,500. The plaintiff has appealed.

The trial judge gave the following reasons for his action:

1. Based on the evidence in this case and viewing all of the evidence in the light most favorable to plaintiff, the court finds that the verdict was so excessive as to shock the conscience of the court, lead the court to believe that substantial justice was not done, lead the court to the conclusion that the Judgment was based on passion and prejudice and was not supported by the evidence. In connection with the foregoing, the court has considered the following factors:

a. There was no evidence of or instruction on permanent disability or permanent injury.

b. There was no substantial evidence of or instruction on loss of present earnings or loss of future earning capacity; and

c. Viewing all of the evidence in the light most favorable to plaintiff, particularly that of the various physicians who testified, the injury and consequences thereof do not support the award and indicate that it was based on something other than the evidence.

2. Together with the foregoing, as indicating a basis for the erroneous jury verdict, and as a basis for indicating passion and prejudice, together with the fact that it supports a separate ground for granting a new trial, was the conduct of plaintiff's counsel in:

a. Continually referring to plaintiff's wage loss, directly and by inference, in closing argument and in stating that counsel, in the presence of the jury, could not

understand the court's decision but he would abide by it; and

    b.  In reference to welfare payments and the possibility of surgery, which matters were found inadmissible by the court.

    Based on the foregoing, and the court's appraisal of the impact of such factors on the demeanor of the jury by the court's visual observances, . . . [the defendant was granted a new trial.]

A motion for new trial granted upon the inadequacy or excessiveness of the jury verdict must be accompanied by specific reasons as provided in Civil Rule for Superior Court 59(a)(f), RCW vol. 0. We find that this requirement was met. The reasons stated by the trial court were definite and specific enough to enable the court on appeal to review the record to determine whether the incident, occurrences or acts referred to by the trial court support his conclusion that a jury, fairly selected according to law, was lead to error by those incidents, occurrences or acts and further that remedial action was timely requested by the party aggrieved or that remedial action would have been futile. *See Knecht v. Marzano*, 65 Wn.2d 290, 396 P.2d 782 (1964).

    Although RCW 4.76.030[1] does not expressly provide for an appeal by a nonconsenting party adversely affected by the order granting the alternative motion for a new trial, a review of such an order is not confined to a determi-

---

[1]RCW 4.76.030. "If the trial court shall, upon a motion for new trial, find the damages awarded by a jury to be so excessive or inadequate as unmistakably to indicate that the amount thereof must have been the result of passion or prejudice, the trial court may order a new trial or may enter an order providing for a new trial unless the party adversely affected shall consent to a reduction or increase of such verdict, and if such party shall file such consent and the opposite party shall thereafter appeal from the judgment entered, the party who shall have filed such consent shall not be bound thereby, but upon such appeal the supreme court shall, without the necessity of a formal cross-appeal, review de novo the action of the trial court in requiring such reduction or increase, and there shall be a presumption that the amount of damages awarded by the verdict of the jury was correct and such amount shall prevail, unless the supreme court shall find from the record that the damages awarded in such verdict by the jury were so excessive or so inadequate as unmistakably to indicate that the amount of the verdict must have been the result of passion or prejudice."

nation of whether the trial court abused its discretion in granting the alternative motion. The court on appeal will review the record de novo, bearing in mind the presumption that the verdict was correct. *Workman v. Marshall*, 68 Wn.2d 578, 414 P.2d 625 (1966), *Ma v. Russell*, 71 Wn.2d 657, 659, 430 P.2d 518 (1967).

There is sound reason for the sanctity of a jury verdict and the presumption in favor of its correctness. The test is not whether the verdict is lower or higher than the trial court would have granted upon the evidence. The verdict must be so low or so high as to *unmistakably* indicate passion or prejudice or there must be some act, occurrence, incident, or some off the record observation by the trial court for which remedial action was timely requested or against which remedial action would have been futile, which was sufficient to cause a jury, fairly selected according to law, to erroneously base its verdict upon passion or prejudice.

We have considered the incidents specified by the trial court. The record substantiates their occurrence. While we cannot observe visually the effect of those incidents upon the jury, the statement by the trial court of his visual observations of their effect upon the jury, meets the test of reasonableness.

While we do not find that a verdict of $17,000 upon the evidence is sufficient to indicate that the verdict was unmistakably the result of passion or prejudice, we do find that the specific reasons given by the trial court are proper and sufficient to support the conclusion that the verdict was the result of passion or prejudice and substantial justice was not done.

The order granting a new trial unless the plaintiff accepts the reduced verdict of $7,500 within 10 days is affirmed.

JAMES, C. J., and SWANSON, J., concur.

Petition for rehearing denied November 23, 1970.

Review granted by Supreme Court December 21, 1970.