[No. 245-41208-1. Division One—Panel 1. November 2, 1970.]
CLARA HANSON, *Respondent,* v. NEWBERRY RENTON CORPORA-
TION, *Appellant.*

*Trethewey, Brink & Wilson* and *Daniel Brink,* for appellant.

*Ronald H. Mentele,* for respondent.

FARRIS, J.—Mrs. Clara Hanson, then of the age of 79 years, while shopping in appellant's store on October 16, 1966, walked around the end of a display counter and into a box 2 feet long, 2 feet high and 12 to 14 inches wide, which was in the aisle. She fell, landing on her buttocks and shoulder. Some glass, broken by her fall, cut her leg. Negligence of the appellant in permitting the box to remain in the aisle is not an issue on appeal.

Mrs. Hanson's medical bills attributable to the accident totaled $241. There was no lost income. Her physician testified that she sustained some permanent injury to her right shoulder and that her osteoporosis was probably "aggravated or worsened by her period of inactivity since the accident." The jury returned a verdict for Mrs. Hanson in the amount of $28,500.

Appellant's first assignment of error attacks the giving of instruction 7:

Every person is charged with the duty of seeing those objects and conditions which he would see if exercising reasonable care. *However, the law does not require a business customer to keep his eyes fixed upon the place in which he is walking, unless there is apparent reason to anticipate that the footing is dangerous.* A customer has a right to assume that the premises are in a reasonably safe condition for persons exercising reasonable care for their own safety, and he may rely on such assumption until he knows, or should in the exercise of reasonable care know, to the contrary.

The amount of caution that is required depends upon the circumstances of the particular case. The standard of care is what an ordinary reasonable and prudent person would to [*sic*] if he were a customer under the same or similar circumstances.

(Italics ours.)

We agree with appellant that the italicized language would be proper argument of counsel to the jury. The instruction would have been improved by the elimination of the first *two* full sentences. However, the instruction as given is a correct statement of the law. It was approved by the Supreme Court in *Costacos v. Spence,* 74 Wn.2d 884, 447 P.2d 704 (1968). We believe that its use should be limited, but upon the record before us, we hold that it was not error to give it.

Appellant urges that the trial court erred in refusing to give its proposed instruction 4 which defined the duty of a business customer to use ordinary care.[1]

 The proposed instruction was approved in *Sargent v. Safeway Stores, Inc.,* 67 Wn.2d 941, 410 P.2d 918 (1966).

---

[1] "If you find from the evidence in this case that the plaintiff, Clara Hanson, went into the defendant's place of business and that she did not exercise reasonable care for her own safety, or that the danger or hazard, if any you find, was obvious and reasonably apparent or should have been observed by the plaintiff in the exercise of ordinary care, and that such failure to use ordinary care by the plaintiff, Clara Hanson, was the proximate cause of the accident and the injuries she sustained, then you will find in favor of the defendant."

However, a litigant is not entitled to have an instruction presented in his chosen praseology even though it may be a correct statement of law. *Wolff v. Coast Engine Prods., Inc.,* 72 Wn.2d 226, 432 P.2d 562 (1967); *State v. Hudson,* 1 Wn. App. 813, 463 P.2d 786 (1970). The trial court properly instructed the jury on the issue of contributory negligence. (Instruction 4.) Refusal of appellant's proposed instruction was not error.

■ We do not find, as defendant alleges, that the verdict was so excessive as to have been the result of passion or prejudice. As we stated in *James v. Robeck,* 3 Wn. App. 108, 111, 472 P.2d 635 (1970):

> There is sound reason for the sanctity of a jury verdict and the presumption in favor of its correctness. The test is not whether the verdict is lower or higher than the trial court would have granted upon the evidence. The verdict must be so low or so high as to *unmistakably* indicate passion or prejudice or there must be some act, occurrence, incident, or some off the record observation by the trial court for which remedial action was timely requested or against which remedial action would have been futile, which was sufficient to cause a jury, fairly selected according to law, to erroneously base its verdict upon passion or prejudice.

Here, no such observation, act, incident or occurrence was alleged, nor does the record before us reveal any; although we might have given a lower award, we do not find that the award given was so excessive as to *unmistakably* have been the result of passion or prejudice.

The judgment is affirmed.

JAMES, C. J., and SWANSON, J., concur.

Petition for rehearing denied January 19, 1971.

Review denied by Supreme Court March 2, 1971.