[No. 521-41414-1.    Division One—Panel 2.    March 1, 1971.]

R. F. KENNA, *Appellant*, v. DANIEL GRIFFIN *et al.*, *Defendants*, ST. PAUL FIRE & MARINE INSURANCE COMPANY, *Respondent*.

*Horswill, Keller, Rohrback, Waldo & Moren* and *Elizabeth J. Bracelin,* for appellant.

*Lycette, Diamond & Sylvester* and *William J. Millard, Jr.,* for respondent.

FARRIS, A.C.J.—R. F. Kenna was injured in an altercation with Daniel Griffin in a restaurant-bar in Everett, Washington. St. Paul Fire & Marine Insurance Company insured Mr. Griffin against losses resulting from bodily injury or property damage, unless such injury or property damage was caused intentionally by or at the direction of the insured. Mr. Kenna brought action against Mr. Griffin for his injuries and recovered a judgment in the amount of $15,000. He thereafter, in a separate action, garnished St. Paul Fire & Marine Insurance Company for the full amount of that judgment. The garnishment action resulted in judgment for St. Paul Fire & Marine Insurance Company. Kenna appeals.

There was conflicting evidence on what initiated the altercation but Kenna was injured by Mr. Griffin who continued to beat him with both fists after he was unconscious.

Error is assigned to (1) the failure of the trial court to permit Dr. Klein to testify regarding the effect of intoxication on intent, (2) the finding by the trial court that the tort was intentional and (3) the trial court's finding, as a matter of law, that St. Paul Fire & Marine Insurance Company rebutted the presumption that the bodily injury was accidental.

The appellant made an offer of proof:

Now, we also have a psychiatrist available, Dr. Klein, to testify in this matter that liquor consumed in large amounts will make one irrational and lead him to overemphasize slights and I think he would testify from what happened here, the unprovoked assault—that's one phase of the thing,—without any reason for the thing, is indicative of the fact that, particularly from someone whose normal personality is completely different, is indicative of the fact that liquor has affected this person

to the point where he isn't conducting himself rationally and isn't in control.

The trial court reviewed the evidence and refused the testimony of Dr. Klein:

I don't know if a man of Mr. Griffin's build and strength and physical capabilities, and having eaten dinner at the hotel as late as eight o'clock or eight-thirty, would be able to ingest that amount of alcohol sufficiently and I don't believe anybody else can tell what was the degree of his intoxication or that his intoxication was so great he was incapable of having a will of his own, and I don't think a psychiatrist can tell me that, either.

■■■■ Alcohol can diminish intent but it was not established by the evidence, and the psychiatrist could not know the state of Mr. Griffin's intoxication at the time of the offense. Lacking this knowledge, he could only testify as to the effect of intoxication on intent, a matter that is not limited to the knowledge of an expert. The evidence before the court was not beyond its understanding. *See Lynch v. Republic Publishing Co.,* 40 Wn.2d 379, 243 P.2d 636 (1952), *Ewer v. Johnson,* 44 Wn.2d 746, 270 P.2d 813 (1954). The admission of expert testimony is a matter of discretion for the trial court. We do not find that this discretion was abused. *See Myers v. Harter,* 76 Wn.2d 772, 459 P.2d 25 (1969), *Ward v. J. C. Penney Co.,* 67 Wn.2d 858, 410 P.2d 614 (1966).

■■■■ The state of Mr. Griffin's intoxication was the primary issue. Upon conflicting evidence, the trial court found that Mr. Griffin was not so affected by alcohol that he could not form the requisite intent to commit a battery. There is substantial evidence in the record to support this finding. The ruling will not be disturbed on appeal. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959).

Mr. Kenna argues that the insurance company had the burden of proving that the tort was in fact a battery. Evidence, whether presented by the plaintiff or defendant, must be considered by the trial court. "All parties benefit or suffer from the testimony of all witnesses." *Petersen v.*

*Department of Labor & Indus.,* 40 Wn.2d 635, 641, 245 P.2d 1161 (1952). *Provins v. Bevis,* 70 Wn.2d 131, 422 P.2d 505 (1967).

What happened at the time and place in question was established by substantial evidence. We find no error in the trial court's determination that the acts of Mr. Griffin were intentional and therefore not within the coverage of the insurance policy.

Affirmed.

JAMES and WILLIAMS, JJ., concur.