[No. 1277-1. Division One—Panel 1. February 5, 1973.]

THOMAS G. MILLS, *Individually and as Guardian ad Litem, Appellant,* v. DANIEL L. WARN *et al., Respondents.*

*John W. Sweet,* for appellant.

*Jack E. Hepfer* and *William R. Lanthorn,* for respondents.

FARRIS, J.—A single question is presented by this appeal: Whether the trial court properly granted a motion for mistrial because insurance was mentioned during the presentation of the plaintiff's case, after the court had specifically instructed counsel to inform his witnesses that the term must not be mentioned again. It had been mentioned twice by a different witness before the admonishment. The defendant moved for a mistrial after the first two references, but withdrew the motion. The motion for mistrial was remade after the third incident. Barbara Jean Mills, mother of the minor plaintiffs, was being cross-examined by counsel for the defendants Warn:

> BY MR. HEPFER: Q Well, did Dr. Herbert find anything wrong with his knees? A Doctor who? Q The family doctor. A Dr. Herbert Carroll. Q Herbert Carroll.

A Well, he gave him a pair of crutches to use, to keep the weight off of his knees, because at the time they were swollen. Q All right, what other doctors, if any, did he see? A None. Q How about Dr. Gloyd, does that ring a bell with you? A Your insurance doctor? MR. SWEET: No, Dr. Gloyd. THE WITNESS: Oh, excuse me, I'm sorry. BY MR. HEPFER: Q Dr. Park Gloyd, do you recall his name? A No.

After the witness completed her testimony and was excused, the motion was made in the absence of the jury following discussion between the court and counsel for both sides. During that discussion the trial court, although indicating its willingness to grant the motion, stated:

Well, I'm sure Mrs. Mills didn't do it intentionally. I think it was inadvertent on her part, but of course it's just as damaging to her.

Instead of ruling immediately on the motion for mistrial, the court postponed ruling on the motion until the jury verdict was returned. The trial court explained:

Well, here, I think I'll do this, gentlemen. We have only half a day remaining to finish it. I think I'll go ahead and finish the case, see what the jury does, and if the verdict is within reason I very likely will let it stand.

On the other hand if it does seem to be excessive then my disposition will be to grant a new trial.

I think, frankly, I probably should grant the motion now, because I do think the mention of insurance three times makes it abundantly clear to the jury that it is an insurance case. But rather than do that I think I will gamble another half day on it, see what the jury does, and then, as I say, if it seems to be a verdict that is out of line I will very likely grant a new trial.

Both counsel agreed to the procedure without waiving their right to argue the matter:

MR. SWEET: Mr. Mills agrees that this procedure is not inappropriate under the circumstances. But we wish to make it abundantly clear that we do not think the motion should be granted. However, if Your Honor wishes to withhold his decision at this time, and you have expressed how you regard the matter, at this time we have no objection to your deferring your ruling.

. . .

MR. HEPFER: Well, Your Honor, I also want to make clear for the record that I think the practical approach is probably a good one, but I don't want to be in a position of waiving any rights under this motion by continuing. I assume that once it's gone to the jury—technically perhaps there should have been a ruling prior to that time. I think we all understand. But I would imagine that the Court could correct that with a Judgment NOV one way or the other if it was excessive.

After the jury returned a verdict in the sum of $6,000 for Thomas G. Mills individually, $12,000 for Ronald Mills and $40 for Thomas G. Mills, Jr., the trial court granted the motion for mistrial.

The court now concludes that the mistrial should have been and should be granted because of the prejudicial and adverse effect of injection of insurance into the case which the court feels is borne out by the generous verdict that was entered. Entirely independent of the verdict itself, the court further feels that the repeated reference to insurance was undoubtedly prejudicial and prevented the defendants from having a fair trial and that a mistrial should be granted. Had counsel not agreed to the procedure suggested by the court and outlined above, the motion would have been granted when it was made.

In the alternative, the court awarded a new trial

on the grounds that during the course of the trial there were three separate and specific references by plaintiffs to "insurance" (the last of which occurred after a discussion of the subject by court and counsel) which made it abundantly clear to the jury that they were hearing an "insurance case" and which prevented defendant from having a fair trial. Defendant's motion for a mistrial should have been granted at the time it was made and the jury thereupon discharged from further consideration of the case. As a result defendant has been deprived of a fair trial and substantial justice has not been done.

The rule is clear:

[W]here the circumstance that a defendant is or might be covered by insurance is injected into a case innocently, inadvertently, by invitation, or in relation to some issue, such revelation is not grounds for mistrial. It is

only when the collateral matter is clearly inserted deliberately, wantonly, or collusively for the purpose of prejudicing the jury that it calls for mistrial or new trial.

*Kadiak Fisheries Co. v. Murphy Diesel Co.,* 70 Wn.2d 153, 160, 422 P.2d 496 (1967). *See also Anderson v. Dobro,* 63 Wn.2d 923, 389 P.2d 885 (1964); *Williams v. Hofer,* 30 Wn.2d 253, 191 P.2d 306 (1948).

■ The failure of the trial court to find that the mention of insurance was "deliberately, wantonly, or collusively for the purpose of prejudicing the jury" defeats the granting of the mistrial. It is also error to grant a new trial for the reason that the "defendant has been deprived of a fair trial and substantial justice has not been done" when the strongest finding in support of that conclusion is that the verdict is "generous".

> There is sound reason for the sanctity of a jury verdict and the presumption in favor of its correctness. The test is not whether the verdict is lower or higher than the trial court would have granted upon the evidence. The verdict must be so low or so high as to *unmistakably* indicate passion or prejudice or there must be some act, occurrence, incident, or some off the record observation by the trial court for which remedial action was timely requested or against which remedial action would have been futile, which was sufficient to cause a jury, fairly selected according to law, to erroneously base its verdict upon passion or prejudice. [*James v. Robeck,* 3 Wn. App. 108, 111, 472 P.2d 635 (1970).]

*Hanson v. Newberry Renton Corp.,* 3 Wn. App. 546, 548, 475 P.2d 893 (1970).

Here the only act discussed by the court was the mention of insurance which the court found to be inadvertent. That act supports neither the granting of a mistrial or a new trial. The verdict is not so high as to unmistakably indicate passion or prejudice.

The cause is remanded with instructions to enter judgment on the verdict.

Swanson, C.J., and James, J., concur.