[No. 2069-1.    Division One.    July 8, 1974.]

WALTER J. LARSON *et al.*, *Appellants*, v. GEORGIA PACIFIC CORPORATION, *Respondent.*

558

*Paul N. Luvera, Jr.,* and *Warren J. Gilbert, Jr.,* for appellants.

*Lee, Smart, Cook, Dunlap & Biehl* and *John Patrick Cook* and *John F. Biehl,* for respondent.

FARRIS, J.—Smith Creek enters Lake Whatcom near property on which the appellants have constructed their homes. On January 30, 1971, a huge wall of logs and debris pushed by a wave of water moved rapidly down Smith Creek toward Lake Whatcom. The action forced logs and debris onto appellants' property causing extensive damage to lawns, shrubs and vegetation, the physical structure of the houses and destruction of personal property located on the premises, as well as permanent alteration of adjoining beaches, all rendering the houses uninhabitable for a period of time. The appellants brought action against Georgia Pacific Corporation to recover their damages. Following a jury trial, a total verdict of $77,716.79 was returned. The trial court refused to enter judgment on the verdict and instead rendered a judgment n.o.v. and, in the alternative, a new trial to Georgia Pacific Corporation.

The initial question on appeal is whether the lower court properly granted Georgia Pacific's motion for judgment notwithstanding the verdict. Georgia Pacific argues that the trial court properly granted its motion because the physical facts were such that the accident could not have happened in the way the appellants' experts testified and therefore Georgia Pacific was entitled to judgment as a matter of law. We recognize that reasonable minds

must follow the physical facts when the physical facts are uncontroverted. *See Bohnsack v. Kirkham,* 72 Wn.2d 183, 432 P.2d 554 (1967). However, such a rule is not applicable here since the physical facts are controverted. The dispute, one of fact, is whether the damage was caused by an act of God, by Georgia Pacific's negligence or by a combination of the two. The jury apparently accepted the testimony of appellants' witnesses that the damage resulted from Georgia Pacific's negligence in maintaining debris dams in Smith Creek. Regardless of the persuasiveness of the evidence and exhibits relied upon by Georgia Pacific to rebut appellants' argument, in reviewing the granting of the judgment n.o.v., we must view the evidence in a light most favorable to appellants. *See State v. Hall,* 74 Wn.2d 726, 446 P.2d 323 (1968); *Meece v. Circle Bar J Boys' Ranch, Inc.,* 10 Wn. App. 740, 519 P.2d 1400 (1974). The record precludes our finding that as a matter of law there was no evidence or reasonable inference therefrom to sustain the jury verdict. We must therefore conclude that the trial court erred in refusing to enter judgment on the jury verdict.

We next consider the granting of the motion for a new trial. CR 59(a) sets forth the grounds for granting a new trial:

(1) Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having a fair trial;

(2) Misconduct of prevailing party or jury; . . .

. . .

(5) Damages so excessive or inadequate as unmistakably to indicate that the verdict must have been the result of passion or prejudice;

. . .

(7) That there is no evidence or reasonable inference from the evidence to justify the verdict or the decision, or that it is contrary to law;

(8) Error in law occurring at the trial and objected to at the time by the party making the application;

(9) That substantial justice has not been done.

The trial court alternatively granted a new trial on the grounds that (1) there was misconduct of counsel when an objection by appellants' counsel "left the impression that a witness for the Defendant was to be discounted as being a credible witness"; (2) there was no evidence to justify the verdict since the "Defendants' experts . . . were more proficient" and the "credible evidence . . . clearly established that there was a sudden flooding which was an act of God"; (3) the verdict was the result of passion and prejudice; (4) the court committed an error of law in not instructing the jury on segregating the damages between Georgia Pacific's alleged negligence and that caused by an act of God; and (5) substantial justice had not been done.

When a cause is tried to a jury the court is not "permitted to weigh the evidence and simply substitute its judgment for that of the jury, . . . " *State v. Hall,* 74 Wn.2d 726, 727, 446 P.2d 323 (1968). The trial court initially determines the admissibility of expert testimony and has a great deal of discretion in making this initial determination. *See Myers v. Harter,* 76 Wn.2d 772, 459 P.2d 25 (1969); *Kenna v. Griffin,* 4 Wn. App. 363, 481 P.2d 450 (1971); 5 R. Meisenholder, Wash. Prac. § 353 (1965). However, once the expert testimony is admitted into evidence, its weight and credibility is like all other evidence to be considered by the jury. *See Gerard v. Peasley,* 66 Wn.2d 449, 403 P.2d 45 (1965); *Gerberg v. Crosby,* 52 Wn.2d 792, 329 P.2d 184 (1958). And, any deficiencies in an expert's qualifications go to the weight, rather than the admissibility, of the evidence once the basic requisite qualifications are established. *See Palmer v. Massey-Ferguson, Inc.,* 3 Wn. App. 508, 476 P.2d 713 (1970). Thus, it was error for the court to weigh the evidence and conclude that Georgia Pacific's experts were more credible or proficient or that appellants' experts were speculating as to the cause and extent of the damage.

Before misconduct of counsel can properly be grounds for the granting of a new trial, there must have been an objection and attempt to have the misconduct cor-

rected by an appropriate instruction. *Hogenson v. Service Armament Co.,* 77 Wn.2d 209, 461 P.2d 311 (1969); *State v. Berkins,* 2 Wn. App. 910, 471 P.2d 131 (1970). There was no objection to the conduct referred to by the court and we cannot find that the act was so flagrant that an instruction would not have cured it. *See Warren v. Hart,* 71 Wn.2d 512, 429 P.2d 873 (1967).

■■ We do not agree that an error of law "occurred during the trial by reason of the Court's failure to instruct the jury regarding segregation of damages." Georgia Pacific offered an instruction on the question:

> If you find that some of plaintiffs' damages were caused by defendants' negligence and some were due to other causes, the plaintiff has the burden of proving which damages defendants should be responsible for. If plaintiffs fail in this regard they cannot recover.

It was refused and properly so. It is not a correct statement of the law in this jurisdiction. The correct rule was set forth in *Tope v. King County,* 189 Wash. 463, 471-72, 65 P.2d 1283 (1937):

> When two causes combine to produce an injury, both of which are, in their nature, proximate and contributory to the injury, one being a culpable negligent act of the defendant, and the other being an act of God for which neither party is responsible, then the defendant is liable for such loss as is caused by his own act concurring with the act of God, provided the loss would not have been sustained by plaintiff but for such negligence of the defendant. The burden of proof, however, is upon the defendant to show that the loss is due solely to an act of God.

*See also Arnhold v. United States,* 166 F. Supp. 373 (W.D. Wash. 1958); *Bodick v. Harcliff Mining Co.,* 208 Pa. Super. 471, 222 A.2d 615 (1966). The burden of apportionment here is upon the tort-feasor, not the injured party. In each of the cases relied upon by Georgia Pacific to support its argument that the burden is on the injured party, the liability of the various tort-feasors was several. Here the liability can be considered joint. *See Fugere v. Pierce,* 5 Wn.

App. 592, 490 P.2d 132 (1971); Restatement (Second) of Torts §§ 433A, 433B (1966).

The record does not support a conclusion that the jury verdict was a "result of passion and prejudice." There is testimony in the record which, if believed, would have justified a greater award. The verdict was not so high as to *unmistakably* indicate passion or prejudice. *See Mills v. Warn,* 8 Wn. App. 296, 505 P.2d 1288 (1973); *James v. Robeck,* 3 Wn. App. 108, 472 P.2d 635 (1970). Further, the trial court failed to set forth sufficiently specific reasons to support its finding that the verdict was based on passion and prejudice. *See* CR 59 (f); *Knecht v. Marzano,* 65 Wn.2d 290, 396 P.2d 782 (1964); *James v. Robeck, supra.*

Finally, the record provides no basis for a conclusion that "substantial justice" has not been done. A trial court's disagreement as to the credibility and interpretation of the evidence does not support a conclusion that substantial justice has not been done. *Bunnell v. Barr,* 68 Wn.2d 771, 415 P.2d 640 (1966). There are eight other broad grounds stated in CR 59 (a) for the granting of a new trial. Rarely should a new trial be granted on the sole basis that substantial justice has not been done. *See Knecht v. Marzano, supra.*

Reversed and remanded for entry of judgment on the verdict.

SWANSON, C.J., and CALLOW, J., concur.

Petition for rehearing denied September 26, 1974.