[No. 3727–1.   Division One.   March 28, 1977.]

WILBUR E. REIBOLDT, *Appellant*, v. ALFRED R. BEDIENT, ET AL, *Respondents*.

*Dore, Dubuar & Lirhus, Fred H. Dore,* and *Randolph O. Petgrave,* for appellant.

*Merrick, Hofstedt & Lindsey* and *H. Roland Hofstedt,* for respondents.

SWANSON, J.—On the evening of Sunday, September 16, 1973, Wilbur Reiboldt, along with several of his friends, journeyed to the Anchor Inn Tavern in the Pioneer Square area of Seattle to enjoy a program of live music. While

Reiboldt was engaged in setting up his recording equipment, he was twice approached by an allegedly intoxicated patron named Half Moon who tried to solicit free drinks from Reiboldt. On each occasion, Reiboldt informed Half Moon that he was not an employee of the tavern but, rather, was merely a patron. After the second attempt at "bumming" free drinks from Reiboldt, Half Moon attacked Reiboldt by striking him alongside the head. As a result of this blow, Reiboldt was thrust to the floor but managed in a dazed condition to stagger to his feet. Immediately upon reaching his feet, Reiboldt was again struck by Half Moon. This second attack caused Reiboldt to fall to the floor unconscious. At this point, Half Moon allegedly kicked Reiboldt causing him to suffer a broken leg. During the entire incident which, according to the witnesses, lasted from approximately 5 to 15 minutes, Albert R. Bedient, the tavern owner, was tending to his duties behind the bar. His testimony adduced at trial indicated that he had no knowledge of the supposed drunken nature of Half Moon, nor did he know of any complaints registered by any patrons concerning potential violence. Bedient testified that as soon as his attention was drawn to the altercation, he immediately went to the scene, but by the time he got there the fight was over. On the other hand, there was testimony introduced on behalf of Mr. Reiboldt that Bedient knew of Half Moon's intoxicated condition prior to the time of the incident and had, in fact, demanded Half Moon's departure from the Anchor Inn Tavern earlier that same day. There was also testimony which the jury could have believed which indicated that Bedient refused to respond to cries for help from the various patrons of the tavern.

Wilbur Reiboldt subsequently brought this action for personal injuries against Albert Bedient and the Anchor Inn Tavern, alleging that he had sustained serious bodily injuries in Bedient's tavern and that Bedient had been negligent in failing to protect his patrons from harm and injury. The jury returned a verdict of $75,000 in Reiboldt's

favor. Bedient then timely sought a judgment notwithstanding the verdict or, in the alternative, a new trial, which was granted. Reiboldt appeals from the order granting a new trial, and Bedient cross–appeals.

Turning first to the claims made by appellant Reiboldt, the trial court gave the following reasons for granting a new trial:

> 1. Defendants' argument on the question of contributory negligence is not valid. There is something to it, but not enough.
>
> 2. This is a very thin case of liability. The only evidence whatever on the subject of negligence was that of Janet Charles.
>
> 3. The size of the verdict, although not shocking, was astounding. It was at least five times greater than it should have been.
>
> 4. If there is anything to the plaintiff's case, he will have adequate opportunity to present it to another jury.
>
> 5. Although the court is hard put to put any single factor down that would warrant the granting of a new trial, it is the feeling of the court that justice has miscarried and that a new trial should be granted.

Reiboldt contends that the reasons stated by the trial court in its order are inadequate to grant a new trial. We agree and reverse.

The entry of a new trial is governed by CR 59. The trial court's order appears to include only two of the possible nine grounds stated in CR 59(a) for granting a new trial:

> (5) Damages so excessive or inadequate as unmistakably to indicate that the verdict must have been the result of passion or prejudice;
>
> . . .
>
> (9) That substantial justice has not been done.

However, the order itself fails to comply with the requirements of CR 59(f):

> In all cases where the trial court grants a motion for a new trial, it shall, in the order granting the motion, state whether the order is based upon the record or upon facts and circumstances outside the record which cannot be

made a part thereof. If the order is based upon the record, the court shall give definite reasons of law and facts for its order. If the order is based upon matters outside the record, the court shall state the facts and circumstances upon which it relied.

The order expresses reasons or opinions which provide little or no assistance respecting appellate review of this case. We can only conclude that the trial judge simply disagreed with the jury, and this is not sufficient. *See Knecht v. Marzano,* 65 Wn.2d 290, 396 P.2d 782 (1964).

In order to uphold, as a basis for a new trial, a trial court's belief that the verdict is too high, the order must contain a finding that the amount awarded by the jury was "so excessive . . . as unmistakably to indicate that the verdict must have been the result of passion or prejudice". CR 59(a)(5). Such a finding is absent from the order under review. As stated in *James v. Robeck,* 79 Wn.2d 864, 870, 490 P.2d 878 (1971),

> [I]t is our opinion that the rule now and for some time prevailing in this jurisdiction requires that the passion and prejudice be of such manifest clarity as to make it unmistakable.

Our review of the record does not support a conclusion that the jury verdict was so high as unmistakably to indicate passion or prejudice. *Larson v. Georgia Pac. Corp.,* 11 Wn. App. 557, 524 P.2d 251 (1974); *Mills v. Warn,* 8 Wn. App. 296, 505 P.2d 1288 (1973). Moreover, there exists a strong presumption of the adequacy of jury verdicts, *see* RCW 4.76.030; *Cox v. Charles Wright Academy, Inc.,* 70 Wn.2d 173, 422 P.2d 515 (1967), and the trial court is precluded, absent a showing of passion or prejudice, from substituting its conclusion for that of the jury on the issue of damages. *Tolli v. School Dist. 267,* 66 Wn.2d 494, 403 P.2d 356 (1965); *Kramer v. Portland–Seattle Auto Freight, Inc.,* 43 Wn.2d 386, 261 P.2d 692 (1953).

With regard to the second reason for granting a new trial stated in the order, "the feeling of the court that justice has miscarried", we are hard pressed to accept such a ground as

adequate, especially in light of the provisions of CR 59(f) which require that the order granting a new trial "state whether the order is based upon the record or upon facts and circumstances outside the record which cannot be made a part thereof." If we assume that the order is based upon matters outside the record, the order fails to contain the facts and circumstances upon which it relied, as required by the rule. On the other hand, if we assume that the order is based upon the record, the rule requires that the court give "definite reasons of law and facts for its order." CR 59(f). We must conclude that the order provides no adequate basis for review of the asserted "failure of substantial justice" as a ground for new trial. *See Knecht v. Marzano, supra.*

■ Next, we consider the arguments advanced by respondent in his cross–appeal. Essentially, he contends that the trial court erred in failing to direct a verdict in his favor both at the close of the plaintiff's case and at the close of all the evidence. A motion for a directed verdict admits the truth of the evidence of the party against whom the motion is made and all inferences that reasonably can be drawn therefrom. In addition, such a motion therefrom requires that the evidence be interpreted most strongly against the moving party and in the light most favorable to the opposing party. *Kemalyan v. Henderson,* 45 Wn.2d 693, 277 P.2d 372 (1954); *Jones v. Leon,* 3 Wn. App. 916, 478 P.2d 778 (1970). It is also a well–recognized rule in this state that in ruling upon a motion for a directed verdict, no element of discretion is involved and the trial court can grant such a motion only when it can be held as a matter of law that there is no evidence, nor reasonable inference from the evidence, to sustain the verdict. *Kaiser v. Suburban Transp. Sys.,* 65 Wn.2d 461, 398 P.2d 14 (1965); *Miller v. Payless Drug Stores,* 61 Wn.2d 651, 379 P.2d 932 (1963). In evaluating the evidence introduced, and all reasonable inferences arising therefrom, the trial court must determine whether the nonmoving party has presented substantial evidence establishing a prima facie case in support of its

claim. *Hemmen v. Clark's Restaurant Enterprises,* 72 Wn.2d 690, 434 P.2d 729 (1967); *Martin v. Huston,* 11 Wn. App. 294, 522 P.2d 192 (1974). After carefully reviewing the record, we find sufficient evidence which could, if believed by the jury, support plaintiff Reiboldt's theory that the owner of the Anchor Inn breached his duty to exercise reasonable care and vigilance to protect patrons from reasonably foreseeable injury. *See Shelby v. Keck,* 85 Wn.2d 911, 541 P.2d 365 (1975); *Waldron v. Hammond,* 71 Wn.2d 361, 428 P.2d 589 (1967). We find no error in the trial court's denial of respondent's motion for a directed verdict.

■ Respondent next contends that the trial court erred when it refused to give a requested instruction on contributory negligence. A careful review of the record indicates no evidence upon which to base an instruction on contributory negligence. We find no error.

■ Finally, respondent argues that the trial court erred when it refused to grant its motion in limine. In *State v. Morgan,* 192 Wash. 425, 430, 73 P.2d 745 (1937), our Supreme Court ruled that

> [i]n the exercise of its sound discretion, the [trial] court could refuse to go into the matter in advance of the offer of evidence, in regular course, during the trial, and no error can be predicated upon this ruling.

It is, therefore, a matter of discretion as to whether or not a motion, prior to trial, to limit the evidence will be granted. *State v. Smith,* 189 Wash. 422, 65 P.2d 1075 (1937). Furthermore, in the instant case the respondent cross–appellant had ample opportunity to object to testimony as it was presented that he felt was irrelevant to the issue under litigation. Moreover, respondent Bedient has directed us to only four instances where allegedly prejudicial evidence was offered into evidence. After carefully reviewing each occurrence, we note that the cumulative effect of the supposed extraneous evidence was not prejudicial to respondent's case. Furthermore, in all the instances cited to us by the respondent, the trial court sustained objections to the introduction of irrelevant testimony when asked to do so.

We cannot say that the trial court abused its discretion in this matter.

The order granting a new trial is reversed, and the cause is remanded for reinstatement of the verdict and entry of a judgment consistent with the verdict.

CALLOW and ANDERSEN, JJ., concur.

Petition for rehearing denied August 8, 1977.

Review denied by Supreme Court February 17, 1978.