# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| RAY GARBAGNI,<br><br>     Appellant,<br><br>  v.<br><br>KAREN DOVE and JOHN DOE DOVE,<br>individually and on behalf of their marital<br>community thereof, and<br>APPRENTICESHIP AND<br>NONTRADITIONAL EMPLOYMENT<br>FOR WOMEN (ANEW), a corporation,<br><br>     Respondents. | DIVISION ONE<br><br>No. 84335-4-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — Ray Garbagni sued Karen Dove and her employer for injuries allegedly sustained in an automobile collision.  The jury returned a defense verdict.  On appeal, Garbagni argues that the trial court erred by limiting his damages claim to a finite period of time and instructing the jury accordingly.  Because the jury rejected Garbagni's claim that the collision proximately caused his alleged injuries, he cannot establish that he was prejudiced by the trial court's rulings.  We therefore affirm.

I

On August 16, 2017, Ray Garbagni's vehicle was rear-ended by a vehicle driven by Karen Dove while she was acting in the course of her employment with

Apprenticeship and Nontraditional Employment for Women (ANEW). Dove admitted liability but disputed causation and damages.

In June 2020, Garbagni sued Dove and ANEW (collectively Dove) for personal injuries allegedly suffered in the collision. Garbagni obtained the opinion of Dr. David Widlan, a clinical psychologist, regarding the nature and cause of his injuries. After reviewing medical records and conducting an evaluation, Dr. Widlan opined in a report dated June 18, 2021, that Garbagni suffered from "mild neurocognitive disorder due to traumatic brain injury." Dove subsequently moved to limit Dr. Widlan's testimony under ER 401, ER 403 and ER 703 on the ground that, as a psychologist, Dr. Widlan was not qualified to diagnose traumatic brain injury causally related to the automobile collision. The trial court denied Dove's motion to limit Dr. Widlan's causation testimony.

Trial took place during seven days from June 21 through July 1, 2022. As to the duration of Garbagni's damages, Dr. Widlan testified that Garbagni's symptoms persisted up until the time of his report. But he could not "say that [Garbagni's] symptoms are occurring today because I haven't interviewed him today." Garbagni and several of his family members testified that he has suffered persistent mental and emotional problems since the collision occurred. Dove's expert witnesses, neurologist Dr. Linda Wray and neuropsychologist Dr. Elizabeth Ziegler, testified that the evidence did not support a finding that the collision caused a concussion or a traumatic brain injury.

Following the close of evidence, Dove moved to dismiss Garbagni's claims under CR 50 on the ground that Garbagni presented no medical testimony to support causation of any injury, let alone permanent brain damage. To the extent that the court

2

denied the motion, Dove sought an order prohibiting an award of general damages beyond June 12, 2021, which was the date Dr. Widlan last interviewed Garbagni. The trial court denied Dove's CR 50 motion to dismiss Garbagni's claims but ruled that general damages would be prohibited beyond June 12, 2021. The court instructed the jury accordingly.

The jury returned a unanimous verdict in favor of Dove. Garbagni appealed.

II

Garbagni argues that the superior court erred by granting Dove's CR 50 motion to limit his general damages claim to the period between the collision and June 12, 2021. This is so, he contends, because Dr. Widlan's expert testimony and the Garbagni family's lay testimony provided sufficient evidence to prove that he suffered ongoing collision related symptoms past that date. Because Garbagni has not established that he was prejudiced by the trial court's ruling, he is not entitled to appellate relief.

A party seeking reversal based on a trial court's exclusion of evidence must demonstrate prejudice, "for error without prejudice is not grounds for reversal." Barriga Figueroa v. Prieto Mariscal, 193 Wn.2d 404, 415, 441 P.3d 818 (2019). As the plaintiff, Garbagni bore the burden to prove that he suffered injuries proximately caused by Dove's negligent conduct. See Schooley v. Pinch's Deli Mkt., Inc., 134 Wn.2d 468, 474, 951 P.2d 749 (1998) ("In order to prove actionable negligence, a plaintiff must establish the existence of a duty, a breach thereof, a resulting injury, and proximate causation between the breach and the resulting injury.").

Here, the trial court generously permitted Dr. Widlan to testify that Garbagni suffered from "mild neurocognitive disorder due to traumatic brain injury." In so ruling,

the court allowed the jury to consider whether to accept or reject Dr. Widlan's opinion regarding the nature, extent, and cause of Garbagni's injuries. See Larson v. Georgia Pac. Corp., 11 Wn. App. 557, 560, 524 P.2d 251 (1974) ("[O]nce the expert testimony is admitted into evidence, its weight and credibility is like all other evidence to be considered by the jury."). In rendering a unanimous verdict in favor of the defendants, the jury necessarily determined that Garbagni did not meet his burden of proof. It therefore did not reach the question of damages. Allowing the jury to consider whether Garbagni's injuries persisted beyond the date of Dr. Widlan's report would not have changed this result. Garbagni cannot establish that he was aggrieved in any way by the trial court's ruling. He is not entitled to appellate relief.

III

Garbagni also argues that jury instruction 11, which limited any damages award to pain and suffering experienced on or before June 12, 2021, amounted to an unconstitutional comment on the evidence. This court reviews whether a jury instruction amounts to a comment on the evidence de novo. State v. Butler, 165 Wn. App. 820, 835, 269 P.3d 315 (2012). An impermissible comment on the evidence is one that conveys the judge's attitude on the merits of the case or permits the jury to infer whether the judge believed or disbelieved certain testimony. State v. Deal, 128 Wn.2d 693, 703, 911 P.2d 996 (1996).

Here, jury instruction 11 reflected the trial court's determination that the evidence was insufficient to support a finding that Garbagni's injuries persisted beyond the date of Dr. Widlan's report. The instruction did not otherwise limit the jury's ability to consider Dr. Widlan's opinion that Garbagni suffered from "mild neurocognitive disorder due to

4

traumatic brain injury" as a result of the collision.  It did so, and awarded nothing.

Again, Garbagni shows no ground for appellate relief.  See State v. Levy, 156 Wn.2d

709, 725, 132 P.3d 1076 (2006) (judicial comment is not prejudicial where the record

affirmatively shows no prejudice could have resulted).

    Affirmed.

_____
Dwyer, J.

WE CONCUR:

_____
Smith, C.J.    Mann, J.