[No. 35339. Department One. June 16, 1960.]

JAMES RALLS, *Respondent*, v. L. J. BONNEY *et al., Appellants.*[1]

*Howard E. Phillips* and *McCallum & Zellmer,* for appellants.

*Ray L. Greenwood,* for respondent.

PER CURIAM.—James Ralls farmed lands owned by L. J. Bonney from the year 1943 until 1958. Bonney terminated the oral lease in the fall of 1958. Ralls commenced this ac-

[1]Reported in 353 P. (2d) 158.

tion to recover from Bonney the value of summer fallow he had prepared during the last year of his tenancy.

From a judgment entered upon the verdict of the jury for Ralls, Bonney has appealed.

Appellant first assigns error to the court's refusal to grant his motion for judgment notwithstanding the verdict of the jury. Appellant's contention in support of the assignment is that, construing the evidence and all reasonable inferences therefrom most favorably to the respondent, he is entitled to judgment as a matter of law.

During the trial of the cause, the appellant did not challenge the sufficiency of the evidence, nor did he request a directed verdict. At the close of the evidence, respondent moved for a directed verdict. Appellant resisted the motion, contending that the issues presented "just a question of fact for the jury to pass upon."

The court sustained appellant's contention and submitted the case to the jury, instructing them as to the law applicable thereto. No exceptions were taken to the instructions, and they became the law of the case. *Williams v. Department of Labor & Industries, ante* p. 127, 351 P. (2d) 414 (1960). The instructions are not included in the record on this appeal. We are unable to determine whether the court erred in refusing to grant the motion for judgment notwithstanding the verdict, under the law that the parties, by their approval of the instructions, made applicable to this case.

Appellant's remaining assignment of error relates to the refusal of the court to permit a handwriting expert to testify. The appellant made no offer of proof as to what the witness' testimony would be if he were permitted to testify. Such an assignment of error cannot be considered, in the absence of an offer of proof. *State v. Griffith,* 52 Wn. (2d) 721, 729, 328 P. (2d) 897 (1958); *Sutton v. Mathews,* 41 Wn. (2d) 64, 67, 247 P. (2d) 556 (1952).

We find no merit in any of appellant's assignments of error.

The judgment is affirmed.

September 22, 1960. Petition for rehearing denied.