IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| KEITH WELCH, an individual, | No. 79099-4-I |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| QUALITY LOAN SERVICES, INC., a Washington Corporation, aka QLS; et al., | |
| Respondent. | FILED: December 2, 2019 |

SCHINDLER, J. — Keith Welch filed a lawsuit against Quality Loan Service Corporation of Washington (QLS) alleging breach of the deed of trust act (DTA), chapter 61.24 RCW; misrepresentation under the DTA; and violation of the Consumer Protection Act (CPA), chapter 19.86 RCW. Welch appeals the trial court decision to direct a verdict dismissing the claims against QLS with prejudice. We affirm.

FACTS

Keith Welch borrowed $667,500 from GreenPoint Mortgage Funding Incorporated (GreenPoint) in February 2007 to purchase property located at 857 Tinas Coma in Burlington, Washington. Welch executed an adjustable rate promissory note for $667,500 plus interest of 7.750 percent per annum. Welch agreed to make monthly payments. The promissory note explicitly states, "I understand that Lender may transfer

this Note[.] Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.' " The promissory note was secured by a recorded deed of trust on the property. The deed of trust identifies Welch as the borrower and GreenPoint as the lender under the promissory note, Land Title Company as the trustee, and Mortgage Electronic Registration Systems Incorporated (MERS) as the nominee for the lender and as the designated beneficiary "under this Security Instrument."

Welch stopped making payments on the promissory note in May 2011. Sometime before August 19, 2011, GreenPoint transferred the promissory note to U.S. Bank NA (U.S. Bank) as the trustee for GreenPoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2007-AR2 (GreenPoint Mortgage Trust).

By letter dated August 19, 2011, the servicer on the loan Aurora Bank notified Welch that U.S. Bank as the trustee for GreenPoint Mortgage Trust was the owner of the promissory note and the May 1, 2011 payment was past due.

On September 9, 2011, Aurora Bank sent another letter to Welch reiterating payments on the note were past due and the total amount of the debt owed. The letter states the "current owner of the debt" is U.S. Bank as trustee for GreenPoint Mortgage Trust and provides contact information for GreenPoint Mortgage Trust, for the loan servicer Aurora Bank, and for the original lender GreenPoint.

In November 2013, U.S. Bank as the trustee for GreenPoint Mortgage Trust executed a limited power of attorney to Nationstar Mortgage LLC (Nationstar) as the servicer on the loan and as the attorney-in-fact to appoint a successor trustee to initiate

a nonjudicial foreclosure.[1] Quality Loan Service Corporation of Washington (QLS) was appointed as the successor to MERS, the nominee for the lender and designated beneficiary under the deed of trust act (DTA), chapter 61.24 RCW, to initiate the foreclosure action on the Welch property.

On April 17, 2013, Welch filed a lawsuit against Aurora Bank, Nationstar, QLS, and U.S. Bank. Welch alleged the defendants breached the DTA, negligent or intentional misrepresentation under the DTA, and violation of the Consumer Protection Act (CPA), chapter 19.86 RCW. The defendants filed a motion for summary judgment dismissal of the lawsuit. Welch conceded his claims against QLS under the DTA were not justiciable unless and until the property was sold at a nonjudicial foreclosure sale.[2] The court dismissed all claims against Aurora Bank, Nationstar, and U.S. Bank. The court dismissed the DTA claims against QLS but denied summary judgment dismissal of the CPA claims against QLS.

On April 4, 2016, Daphne Proctor on behalf of Nationstar as attorney-in-fact for U.S. Bank as trustee for GreenPoint Mortgage Trust executed a "Beneficiary Declaration" under penalty of perjury. The declaration states:

> U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GREENPOINT MORTGAGE FUNDING TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR2 is the actual holder of the promissory note or other obligation evidencing the above-referenced loan.
>
> The trustee may rely upon the truth and accuracy of the averments made in this declaration.

---

[1] On March 2, 2015, U.S. Bank recorded the limited power of attorney.

[2] See Frias v. Asset Foreclosure Servs., Inc., 181 Wn.2d 412, 429, 334 P.3d 529 (2014).

3

The Beneficiary Declaration named QLS as the successor to MERS.  The declaration states:

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GREENPOINT MORTGAGE FUNDING TRUST MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-AR2 is the current beneficiary under the deed of trust.

. . . .

The beneficiary, pursuant to the terms of and authority granted under the deed of trust, hereby appoints QUALITY LOAN SERVICE CORPORATION OF WASHINGTON . . . as successor trustee under the deed of trust with all powers of the original trustee, effective immediately.

The "Appointment of Successor Trustee" was recorded in Skagit County on April 13, 2016.

On September 8, 2016, QLS issued a notice of default to Welch.  The notice of default identified the owner of the promissory note secured by the deed of trust as U.S. Bank as trustee for GreenPoint Mortgage Trust and the servicer of the loan as Nationstar.  The notice states Welch was in default for "[f]ailure to make the 5/1/2011 payment of principal and/or interest and all subsequent payments."  The notice states the principal and interest due from May 1, 2011 through October 7, 2016 was $217,570.79.  With the addition of other fees, the estimated amount necessary to reinstate the note and deed of trust before QLS recorded a notice of trustee's sale was $225,533.92.  The notice provides contact information for QLS.

On October 14, 2016, QLS issued a notice of trustee's sale and notice of foreclosure for February 17, 2017.  The notice was recorded in Skagit County on October 18, 2016.  The notice of trustee's sale states, in pertinent part:

Deed of Trust dated 2/8/2007, recorded 2/14/2007, under Instrument No. 200702140181 records of SKAGIT County, Washington, from Keith P.

4

Welch, as his separate property, as grantor(s), to LAND TITLE COMPANY, as original trustee, to secure an obligation in favor of [MERS], AS NOMINEE FOR GREENPOINT MORTGAGE FUNDING, INC., as original beneficiary, the beneficial interest in which was subsequently assigned to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GREENPOINT MORTGAGE FUNDING TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR2, the Beneficiary, under an assignment recorded under Auditors File Number 201604040133.

The notice states that in order to prevent the scheduled sale, Welch must pay the amount owed to cure the default on the promissory note by February 6, 2017.

The notice of foreclosure states the reinstatement amount as of October 14, 2016 was $16,792.93 subject to the following:

> [B]ecause some of the charges can only be estimated at this time, and because the amount necessary to reinstate or to payoff the entire indebtedness may include presently unknown expenditures required to preserve the property or to comply with state or local law, it will be necessary for you to contact the Trustee before the time you tender reinstatement or the payoff amount so that you may be advised of the exact amount you will be required to pay.

The notice directs Welch to pay QLS, provides contact information for QLS, and states the "Trustee will respond to any written request for current payoff or reinstatement amounts within ten days of receipt of your written request."

On February 10, 2017, Welch filed a motion for a temporary restraining order (TRO) to prevent the trustee nonjudicial foreclosure sale on February 17, 2017. In his declaration in support of the TRO, Welch said that after he received the October 14, 2016 notice of trustee's sale, he requested mediation under the foreclosure fairness act of 2011, RCW 61.24.163. Welch decided to terminate the mediation process.

The court scheduled a show cause hearing on the TRO for February 16, 2017 at 1:15 p.m. QLS filed a response and exhibits. QLS argued Welch was in default, the

5

recorded Beneficiary Declaration and power-of-attorney complied with the requirements of the DTA, and there was no legal basis to enjoin the trustee's sale scheduled for February 17, 2017. The superior court commissioner denied the request for a TRO.

U.S. Bank as trustee for GreenPoint Mortgage Trust purchased the property at the nonjudicial foreclosure sale on February 17, 2017 with a bid of $543,626.59. Welch filed a motion for a preliminary injunction to prevent the trustee from recording the deed of trust. The court denied the motion.

In March 2018, Welch filed a motion to amend the 2013 complaint to reinstate claims against QLS alleging violation of the DTA and negligent or intentional misrepresentation under the DTA. The court granted the motion. Welch filed the amended complaint against QLS alleging breach of the DTA, negligent or intentional misrepresentation under the DTA, and violation of the CPA. QLS filed an answer and affirmative defenses.

The two-day trial began on August 28, 2018. At the close of Welch's case-in-chief on August 29, 2018, QLS moved for a directed verdict. QLS argued Welch presented no evidence to prove that QLS breached the DTA, intentional or negligent misrepresentation under the DTA, or violation of the CPA. The court entered an order dismissing the claims against QLS with prejudice.

ANALYSIS

Welch appeals the CR 50 order dismissing his claims against QLS with prejudice.[3]

---

[3] Welch also appeals the August 27, 2015 order on summary judgment. Because the court allowed Welch to reinstate all the claims against QLS, we need not consider the decision on summary judgment.

We review a decision on a motion for judgment as a matter of law de novo, applying the same standard as the trial court. Guijosa v. Wal-Mart Stores, Inc., 144 Wn.2d 907, 915, 32 P.3d 250 (2001); Sing v. John L. Scott, Inc., 134 Wn.2d 24, 29, 948 P.2d 816 (1997). Judgment as a matter of law is appropriate when "viewing the evidence most favorable to the nonmoving party, the court can say, as a matter of law, there is no substantial evidence or reasonable inference to sustain a verdict for the nonmoving party." Sing, 134 Wn.2d at 29; see CR 50(a)(1).[4] Substantial evidence is a "sufficient quantum to persuade a fair-minded, rational person of the truth of a declared premise." Helman v. Sacred Heart Hosp., 62 Wn.2d 136, 147, 381 P.2d 605 (1963); Davis v. Microsoft Corp., 149 Wn.2d 521, 531, 70 P.3d 126 (2003).

As a preliminary matter, we note Welch has provided a transcript of only the second day of the trial. Accordingly, we disregard the assertions of fact without citation to the record and citations to documents that are not in the record. See RAP 10.3(a)(5).

The crux of Welch's argument on appeal is that the court erred in granting the directed verdict because QLS did not have the authority to act as the successor trustee.

The DTA governs transactions where a borrower executes a promissory note to the lender secured by a deed of trust. Bain v. Metro. Mortg. Grp., Inc., 175 Wn.2d 83, 92-94, 285 P.3d 34 (2012). A statutory deed of trust is a three-party transaction. The borrower is the grantor of the deed of trust and the lender is the beneficiary. Bain, 175 Wn.2d at 92-93. The trustee holds title in trust for the lender as security for a loan.

---

[4] CR 50(a)(1) provides, in pertinent part:

If, during a trial by jury, a party has been fully heard with respect to an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find or have found for that party with respect to that issue, the court may grant a motion for judgment as a matter of law against the party on any claim, counterclaim, cross claim, or third party claim that cannot under the controlling law be maintained without a favorable finding on that issue.

Bain, 175 Wn.2d at 92-93. If the borrower defaults on the debt, the DTA authorizes a nonjudicial foreclosure sale of the property by the trustee. RCW 61.24.030; Bain, 175 Wn.2d at 93.

Welch contends U.S. Bank as trustee for the GreenPoint Mortgage Trust did not have the authority to appoint QLS as the successor trustee. Welch argues there is no evidence that GreenPoint Mortgage Trust was a beneficiary under the DTA. The uncontroverted record does not support his argument.

The DTA defines the "beneficiary" as the "holder of the instrument or document evidencing the obligations secured by the deed of trust, excluding persons holding the same as security for a different obligation." RCW 61.24.005(2). The Beneficiary Declaration states, in part, that U.S. Bank as the trustee for GreenPoint Mortgage Trust Mortgage "is the actual holder of the promissory note or other obligation evidencing the above-referenced loan."[5] It is well established under Washington law that the holder of a promissory note is entitled to enforce the obligation. Brown v. Dep't of Commerce, 184 Wn.2d 509, 514, 359 P.3d 771 (2015); Bain, 175 Wn.2d at 89. In Bain, the court held that a "plain reading of the statute [RCW 61.24.005(2)] leads us to conclude that only the actual holder of the promissory note . . . may be a beneficiary with the power to appoint a trustee to proceed with a nonjudicial foreclosure on real property." Bain, 175 Wn.2d at 88-89.

Welch does not appear to dispute that U.S. Bank as trustee for GreenPoint Mortgage Trust was entitled to use a power of attorney to create an agency relationship with Nationstar. "Washington law, and the deed of trust act itself, approves of the use of

---

[5] Welch submitted the Beneficiary Declaration in support of his February 10, 2017 motion for a TRO.

agents." Bain, 175 Wn.2d at 106. Welch contends QLS did not have the authority to foreclose because either Nationstar was not the owner of the note[6] or GreenPoint Mortgage Trust was not the owner or actual holder of the note. This argument is without merit.

RCW 61.24.030 sets forth the requisites of a trustee's sale. Former RCW 61.24.030(7)(a) (2012) provides, in pertinent part:

> That, for residential real property, before the notice of trustee's sale is recorded, transmitted, or served, the trustee shall have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust. A declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the actual holder of the promissory note . . . shall be sufficient proof as required under this subsection.[7]

RCW 61.24.030(7)(a) requires a declaration under penalty of perjury that states the beneficiary is the actual holder of the note. A trustee is entitled to rely on an unambiguous beneficiary declaration when initiating a trustee's sale. RCW 61.24.030(7)(b); Lyons v. U.S. Bank Nat'l Ass'n, as Tr. For Stanwich Mortg. Loan Tr. Series 2012-3, by Carrington Mortg. Servs., LLC, 181 Wn.2d 775, 790, 336 P.3d 1142 (2014). Here, the unambiguous Beneficiary Declaration that was signed under penalty of perjury states that U.S. Bank as trustee for GreenPoint Mortgage Trust is the actual holder of the note.

Here, U.S. Bank as trustee for GreenPoint Mortgage Trust exercised its authority to appoint a successor trustee through its agent Nationstar. The record shows U.S. Bank as trustee for the GreenPoint Mortgage Trust issued a limited power of attorney to

---

[6] The trial court found the evidence established that "[t]here has been no evidence to the effect that the noteholder identified by QLS was not the true noteholder."

[7] (Emphasis added.) We note the legislature amended RCW 61.24.030(7)(a) in 2018 to replace the word "owner" with "holder" and delete the word "actual." LAWS OF 2018, ch. 306, § 1.

Nationstar in November 2013, giving Nationstar the authority as its agent to appoint a successor trustee. This document was recorded in Skagit County in March 2015. Welch's claims that Nationstar was "only a servicer" are flatly contradicted by the document appointing Nationstar. Nationstar was attorney-in-fact for U.S. Bank as trustee for GreenPoint Mortgage Trust with the power to appoint QLS as the successor trustee.

Welch argues that under the DTA, only the owner of a promissory note has the authority to issue a notice of default, mediate, or initiate a trustee's sale. However, the Washington Supreme Court held that while holding a note is essential to beneficiary status, ownership is not. Brown, 184 Wn.2d at 539-40. The court rejected the argument that the beneficiary under the DTA must be the owner of the note. Brown, 184 Wn.2d at 539-540. Viewed most favorably to Welch, the evidence demonstrates that QLS complied with the DTA in initiating the foreclosure.

Welch also contends the trial court erred in granting a directed verdict on the claim of negligent or intentional misrepresentation by QLS. Welch contends the court ignored his testimony and the notice of trustee's sale that allowed Welch to reinstate his loan for $18,485.93.

Welch knew in October 2016 that the trustee's sale was scheduled for February 17, 2017 and that to avoid foreclosure, he needed to pay the reinstatement amount no later than February 6, 2017. Welch testified he contacted QLS on January 30, 2017 to "come up with a number" so he could pass it on to his attorney. Welch said he gave QLS an e-mail address. Welch testified that he did not receive an e-mail in response to his request. However, Welch admitted he did not regularly check his e-mail.

Viewing the evidence most favorable to Welch, the trial court did not err in concluding there was no evidence to support the claim that QLS made negligent or intentional misrepresentations in violation of the DTA.

We affirm the decision to grant a directed verdict on the DTA claims and dismissal of the lawsuit against QLS.[8]

WE CONCUR:

---

[8] Accordingly, we also conclude the court did not err in dismissing the CPA claim.

11