IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| APPLICATION SOFTWARE PRODUCTS, INC., | No. 85319-8-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| WASHINGTON STATE LIQUOR AND CANNABIS BOARD, | |
| Respondent. | |

HAZELRIGG, A.C.J. — After learning of the eviction of Application Software Products Inc. from the leased physical location associated with its cannabis license, the Washington State Liquor & Cannabis Board permanently discontinued the license as required by state law. Application Software Products now appeals, arguing that the Board's order was not supported by substantial evidence and its decision to cancel the license was arbitrary or capricious. We disagree and affirm.

FACTS

Application Software Products entered into a written lease of commercial property in 2018. It later applied for and was granted a tier 3 cannabis license by the Washington State Liquor & Cannabis Board (LCB) after the agency approved the location of the leased commercial property. On June 24, 2020, a separate entity that had received the property from the original landlord through a non-merger quitclaim deed in lieu of foreclosure filed a complaint for unlawful detainer

against Application Software. The new landlord alleged that Application Software had failed to make payments for rent, late fees, and interest from January 1, 2020 through June 1, 2020. On July 7, 2020, Application Software filed an answer that denied statements made in the complaint and raised several affirmative defenses, including that the lease the landlord provided in the unlawful detainer action was not the current lease, that the amount due for the monthly rent had been paid, and that the lease included with the complaint failed to adhere to the statute of frauds.

On July 8, 2020, the Spokane County Superior Court entered an order of default against Application Software. The court found it was delinquent as to payment of rent, late charges, and interest under the terms of the lease and entered judgment against Application Software for $134,920.66, which included attorney fees and costs to the landlord.[1] The order also terminated Application Software's tenancy and restored the right of possession to the property owner. Application Software did not appeal this order.[2]

On February 10, 2021, the superior court granted the landlord's motion for a writ of restitution against Application Software. The next day, the superior court issued an amended order for a writ of restitution. On April 27, the superior court issued a second amended order for a writ of restitution. Application Software does not allege that it appealed or otherwise challenged any of the writs.

---

[1] The court also noted that the past due rent, late fees, and interest were all doubled pursuant to RCW 59.12.170.

[2] While not squarely addressed in its briefing, at oral argument before this court, counsel for Application Software replied, "No," when asked, "was that eviction appealed?" Wash. Ct. of Appeals oral argument, *Application Software Prods., Inc. v. Wash. State Liquor & Cannabis Bd.*, No. 85319-8-I, Jan. 11, 2024, at 1 min., 10 sec., *video recording by* TVW, Washington State's Public Affairs Network, https://tvw.org/video/division-1-court-of-appeals-2024011356.

On April 6, 2021, nine months after the court found Application Software in default in the unlawful detainer action and terminated its right to tenancy at the approved licensed location, Application Software filed a change of location (COL) application with the LCB. The COL did not advise the LCB of the eviction. Application Software failed to respond to the LCB Licensing Department's interview request pursuant to the COL application.[3] On April 30, 2021, the Spokane County Sheriff's Office (SCSO) served the writ of restitution and a request for storage of personal property on Application Software by posting on the premises of the leased commercial property. The SCSO evicted Application Software on May 6, 2021.

Upon learning of the eviction from the SCSO, LCB Enforcement Officer Barbara Martinez routed a permanent discontinued business request to the LCB's Licensing and Regulation Division. A superior LCB officer, Marijuana Lieutenant Jonathan Miller, reviewed the information in the system, including Application Software's COL application, and concluded that the discontinuance request "would cancel the COL as they have no license to move." The agency then withdrew Application Software's COL application, noting the reason as "[e]nforcement action pending," and issued a statement of intent to discontinue/cancel cannabis license privileges, with an accompanying notice of the right to appeal and a hearing request form.

---

[3] In a video recorded deposition with Application Software's counsel, Nicola Reid, a compliance and adjudications manager with the LCB, stated that Application Software "failed to respond to an interview request" and that the interview pertained to the COL application. Application Software seems to concede in its reply brief that such a request was made through its statement that "[m]issing one phone call during the pendency of a life-altering event should not automatically disqualify Application Software from receiving consideration for the totality of the circumstances."

Application Software submitted a timely request for a hearing on June 11, 2021. Administrative law judge (ALJ) TJ Martin presided over the prehearing conference on October 7, 2021. During that proceeding, the parties identified the pertinent issues in the matter and the ALJ set a case schedule with deadlines for filing and service of briefing. On January 5, 2022, the ALJ struck the remaining dates from the original case schedule and granted a joint stipulated motion for an extension of time to file and serve the dispositive motions that both parties intended to present.

On January 20, 2022, each party moved for summary judgment. Application Software's motion was premised on its assertion that the underlying eviction was erroneous,[4] the LCB decision to withdraw the COL was improper to the extent that it relied on the purportedly erroneous eviction, and that the legislature intended the LCB to focus on education over "heavy-handed enforcement." LCB's summary judgment motion averred that, whether the eviction was lawful or unlawful, Application Software did not maintain the licensed location as required by WAC 314-55-135(6). It further contended that it would have been improper for the LCB to involve itself in a civil eviction matter and that it appropriately relied on the writ of restitution and the eviction by the SCSO in reaching its determination as to the discontinuance of Application Software's license.

---

[4] Application Software alleged that the underlying eviction was improper because the unsigned lease presented with the complaint for unlawful detainer was invalid, the eviction was ordered after an improper default as Application Software timely answered the complaint, and it was not late in rent payments.

On March 28, 2022, ALJ Martin issued an initial order granting the LCB's motion for summary judgment and denying Application Software's. The order set out the relevant facts as described above, and noted that two critical points were undisputed: Application Software was evicted from its licensed location and it had not obtained a temporary discontinuance of its license or LCB approval to relocate prior to the eviction. Based on these unchallenged facts, the ALJ concluded that Application Software "raised no genuine dispute of material fact regarding its failure to maintain its licensed location, in violation of WAC 314-55-135(6)." The ALJ also found that they "lack[] the authority to decide the underlying legal dispute between the property owner and the landlord . . . and may not set aside the LCB's 'Statement of Intent' in order to fashion an equitable remedy outside its authority."

On April 15, 2022, Application Software petitioned the board[5] for review of the initial order. On May 31, 2022, after reviewing the record of the hearing, Application Software's petition, and the LCB's response, the board affirmed the initial order of the ALJ. Further, it expressly adopted and incorporated in its final order the facts identified in the summary judgment proceedings, as well as the conclusions of law made by the ALJ; the entirety of the initial order. The board also made its own findings of fact and conclusions of law, including that Application Software was operating in violation of WAC 314-55-135(6) as of July 2020 when the superior court entered an order terminating its tenancy and right to possession of the location approved pursuant to its cannabis license. The board additionally

---

[5] For clarity, we refer to the agency as a whole as the "LCB" and the three-member panel established under RCW 66.08.012 for the purpose of carrying out the provisions of Title 66.08 as the "board."

noted that Application Software did not inform the LCB of the pending eviction proceedings against it, contrary to the plain language of the requirement set out in WAC 314-55-135(4),[6] and did not file a COL application until nine months after the initial superior court order terminated its tenancy rights. The board concluded that granting a change of location or temporary discontinuance of license under such circumstances would be contrary to law and LCB policy. Application Software sought reconsideration, which was denied, and then filed a petition for judicial review in Thurston County Superior Court on July 20, 2022. The case was then transferred to this court[7] for direct review pursuant to RCW 34.05.518, with the consent of all parties.

ANALYSIS

I.      Standard and Scope of Judicial Review of Agency Decisions

The LCB is tasked with executing and enforcing Titles 69 RCW and 314 WAC, which regulate the Washington cannabis industry. RCW 69.50.331(4) provides that cannabis licenses are "subject to . . . rules adopted by the board to implement and enforce this chapter." The LCB may, "in its discretion, . . . suspend or cancel any license." RCW 69.50.331(2)(a). Judicial review of a decision made by the LCB is governed by Washington's Administrative Procedure Act (APA).[8] *Top Cat Enters., LLC v. City of Arlington*, 11 Wn. App. 2d 754, 759, 455 P.3d 225 (2020). "This court sits in the same position as the superior court, applying the

---

[6] "A licensee must notify the []LCB's enforcement and education division *immediately* in writing upon notice of eviction from a licensed premises." (Emphasis added.)

[7] The case was originally filed in Division Two of our court, but later transferred to this division.

[8] Ch. 34.05 RCW.

standards of the APA directly to the record before the agency." *Id*. We review the final order of the LCB instead of the underlying decision of the ALJ. *Olympic Healthcare Servs. II LLC v. Dep't of Soc. & Health Servs.*, 175 Wn. App. 174, 181, 304 P.3d 491 (2013).

The LCB's decision is "presumed to be correct" and the party challenging it has the burden of establishing its invalidity. *Providence Health & Servs. v. Dep't of Health*, 194 Wn. App. 849, 856, 378 P.3d 249 (2016); RCW 34.05.570(1)(a). "[W]e accord substantial deference to the agency's interpretation, particularly in regard to the law involving the agency's special knowledge and expertise." *Univ. of Wash. Med. Ctr. v. Dep't of Health*, 164 Wn.2d 95, 102, 187 P.3d 243 (2008) (quoting *Providence Hosp. of Everett v. Dep't of Soc. & Health Servs.*, 112 Wn.2d 353, 355-56, 770 P.2d 1040 (1989)). This court may only overturn an agency's legal determination if a party demonstrates that one of the nine criteria in RCW 34.05.570(3) is met. Here, Application Software avers the final order is invalid under RCW 34.05.570 because the LCB "engaged in unlawful procedure or decision-making process," erroneously interpreted the law with regard to the application of WAC 314-55-135(6) rather than (4), issued an order not supported by substantial evidence, and the order was "arbitrary or capricious." RCW 34.05.570(c), (d), (e), (i).

If, as here, the agency's decision is on summary judgment, we overlay the APA and summary judgment standards of review. *Haines-Marchel v. Wash. State Liquor & Cannabis Bd.*, 1 Wn. App. 2d 712, 728, 406 P.3d 1199 (2017). Summary judgment in an administrative action is "'appropriate only where the undisputed

facts entitle the moving party to judgment as a matter of law.'" *Id*. (quoting *Verizon Nw., Inc. v. Emp't Sec. Dep't*, 164 Wn.2d 909, 915, 194 P.3d 255 (2008)). "The facts in the administrative record are viewed in the light most favorable to the nonmoving party, and conclusions of law are reviewed de novo." *Lemire v. Dep't of Ecology*, 178 Wn.2d 227, 232, 309 P.3d 395 (2013).

As a threshold matter, two of the issues presented by Application Software fall outside the scope of this appeal. In its briefing to this court, Application Software asserts for the first time that the LCB both engaged in an unlawful procedure or decision-making process and erroneously interpreted the law when it applied WAC 314-55-135(6) instead of WAC 314-55-135(4). The APA expressly prohibits appellate review of any claim not raised before the agency, subject to exceptions set out in RCW 34.05.554(1). Application Software does not engage with any of these exceptions in its opening brief or otherwise offer any authority that would allow us to consider this new argument at this stage.[9] Accordingly, we decline to do so.

Similarly, Application Software's assignment of error that the LCB engaged in an unlawful procedure or decision-making process rests entirely on its claims about the conduct of the enforcement officers and the agency's internal handling of the COL. It expressly states the "LCB engaged in an unlawful decision-making process when Officer Martinez decided to discontinue the [l]icense instead of

---

[9] In its reply, Application Software engages with this statute for the first time and concedes this is the rule for issues presented in review of administrative decisions, but asserts that "the hallmarks of this argument were fully briefed" in the earlier proceedings. It is well settled that we do not consider arguments raised for the first time in reply. *Bergerson v. Zurbano*, 6 Wn. App. 2d 912, 926, 432 P.3d 850 (2018).

properly evaluating the still available COL submitted in time by Application Software." Again, a wealth of case law establishes that judicial review of an administrative decision is constrained to the final order of the agency. *See, e.g., Crosswhite v. Dep't of Soc. & Health Servs.,* 197 Wn. App. 539, 548, 389 P.3d 731 (2017); *Verizon Nw.,* 164 Wn.2d at 915; *Marcum v. Dep't of Soc. & Health Servs.,* 172 Wn. App. 546, 559, 290 P.3d 1045 (2012). Application Software fails to provide any authority that would allow us to review the conduct of specific officers, as opposed to the propriety of the final order issued after two prior stages of review. We turn now to the only two challenges properly before us.[10]

## II. Substantial Evidence

Application Software next claims that the order "is not supported by key evidence that led to the improper eviction, and this failure is substantial when viewed in light of the whole record before the court." To the extent that this is an assignment of error seeking substantial evidence review, Application Software is mistaken about the target and mechanism of the appropriate test under RCW 34.05.570(3)(e).

An order is supported by substantial evidence if the evidence is "'sufficient to persuade a fair-minded, rational person of the truth of the declared premise.'" *Johnson v. Wash. State Liquor & Cannabis Bd.,* 197 Wn.2d 605, 611, 486 P.3d

---

[10] Application Software also devotes a section of its opening brief to argue that the doctrine of equitable estoppel should be applied to "prevent a manifest injustice," asserting that it "relied on the laws in the State of Washington and the impartial and uniform enforcement of them," and, that [t]he failure of the Spokane County Superior Court to interpret and enforce properly codified [s]tate law does not entitled to [sic] LCB to 'piggyback' on the act of the [c]ourt and use this error as a mechanism to cancel [Application Software]'s license." Because this is simply another manner of suggesting the LCB could or should have disregarded the final order in the unlawful detainer action, writ of restitution, or both, we decline to consider this argument.

125 (2021) (internal quotation marks omitted) (quoting *Delgado Guijosa v. Wal-Mart Stores, Inc.*, 144 Wn.2d 907, 915, 32 P.3d 250 (2001)). "Even if there are several reasonable interpretations of the evidence, it is substantial if it reasonably supports the finding." *Rogers Potato Serv., LLC v. Countrywide Potato, LLC*, 152 Wn.2d 387, 391, 97 P.3d 745 (2004). We only invalidate a challenged finding if it is "clearly erroneous, meaning that the entire record leaves us with a firm and definite conviction that a mistake was made." *Providence Health & Servs.*, 194 Wn. App. at 856-57. This court does not reweigh the evidence that was before the board or evaluate witness credibility. *Port of Seattle v. Pollution Control Hr'gs Bd.*, 151 Wn.2d 568, 588, 90 P.3d 659 (2004). Unchallenged findings of fact are verities on appeal. *Darkenwald v. Emp't Sec. Dep't*, 183 Wn.2d, 237, 244, 350 P.3d 647 (2015).

Critically, Application Software does not assign error to any of the findings in the final order as required by the RAP, rendering them verities on appeal. Further, it does not otherwise demonstrate why any of those findings are not supported by the record, but rather focuses on its contrary interpretations of the evidence presented in earlier proceedings. We will not engage in reweighing of the evidence.

On review of the record before the ALJ, the board relied on "multiple court orders entered by the Spokane County Superior Court" that resulted in Application Software's eviction from the location authorized by the LCB pursuant to its cannabis license. These included the order of default and judgment issued July 8, 2020 and the second amended writ of restitution issued February 10, 2021. The

board adopted and incorporated the facts relevant to the summary judgment proceedings before the ALJ and the conclusions of law, which were likewise substantiated by the writs of restitution, the documentation of the eviction by the SCSO, and Martinez's declarations. These court orders "reasonably support" the board's finding that Application Software was operating without an approved location after February 10, 2021, which disqualifies it from holding a license under WAC 314-55-135(6). Indeed, it would be challenging to even find conflicting interpretations of a court order that clearly delineates termination of an entity's right to possession.

Further, Application Software does not contest the material facts found by the board. It does not dispute the fact that a court order removed its right to possess the licensed premises, even as it questions the validity of that order. It similarly does not disagree that WAC 314-55-135(6) requires a licensed location in order to produce, process, or sell cannabis. Appellate review for substantial evidence is for the express purpose of determining whether the findings entered by the board, and those of the ALJ through the board's adoption of the initial order, are properly supported by evidence in the record, not to consider other factual assertions raised by the parties.

Application Software claims that it is "not asking the [b]oard to 'ignore multiple court orders'" but instead is asking the board to "address and recognize the facts that the [o]rder of [d]efault was incorrect." Several of the contentions and evidentiary support that Application Software provides in its briefing pertain to the

underlying eviction,[11] which it never appealed or otherwise challenged. However, analyzing the facts supporting the superior court's order is essentially relitigating that court's findings of fact in proceedings well outside the scope of this appeal. Application Software provides no authority that even suggests that the board is permitted to disregard a valid court order or relitigate an issue decided by the superior court. More critically, it asks this court to conclude that the LCB should have not only questioned the validity of the superior court orders, but also evaluated the legal basis of the orders; such conduct is clearly beyond the scope of the delegation of authority to the LCB by the legislature.

Because the court orders from the unlawful detainer action in Spokane County Superior Court were not appealed, they are final and binding. *See Kemmer v. Keiski*, 116 Wn. App. 924, 932, 68 P.3d 1138 (2003) ("[A judgment] remains appealable for 30 days. If not appealed in that period of time, it directly precludes all further proceedings in the same case, except 'clarification' and enforcement proceedings, and it collaterally precludes other suits based on the same claim." (footnotes omitted)); *see also* RAP 5.2(a) and (c). More importantly, because those unchallenged orders support the findings contained in the board's final order, we reject Application Software's argument on this issue.

---

[11] Application Software asserts that the lease presented with the complaint for unlawful detainer violated the statute of frauds, the property owner in the complaint for unlawful detainer was not a party to the lease, and it was not delinquent in rent payments pursuant to the lease. Again, the proper avenue for pursuing challenges of this nature would have been to file an appeal in the unlawful detainer action, not to seek an administrative appeal attacking the actions of the LCB that were predicated on final orders of the superior court.

III.    Arbitrary or Capricious

Finally, Application Software argues that the final order is arbitrary or capricious because it relies on and makes references to accounts of events or procedural history that Application Software claims are factually incorrect, such as Martinez's statement that Application Software failed to maintain its licensed location and the assertions in the complaint for unlawful detainer regarding its failure to pay rent.  Application Software is again mistaken about the proper inquiry by this court to determine whether an agency acted in an arbitrary or capricious manner.  To reiterate, we do not make credibility determinations, nor do we second guess those made by the ALJ or board.  *Honeywell v. Dep't of Ecology*, 2 Wn. App. 2d 601, 613, 413 P.3d 41 (2017).  As such, we reject Application Software's invitation to decide, based only on its own conclusory statements, that Martinez, the landlord, or any other involved party misstated facts.  More critically, even if the board's conclusions were erroneous, that alone is insufficient to find that they were arbitrary or capricious.  *Wash. Rest. Ass'n v. Wash. State Liquor & Cannabis Bd.*, 10 Wn. App. 2d 319, 341, 448 P.3d 140 (2019).  A reviewing court may only reach a conclusion that the agency action was arbitrary or capricious if it is "'willful, unreasoning, and taken without regard to the attending facts or circumstances.'" *Id.* (internal quotation marks omitted) (quoting *Lane v. Port of Seattle*, 178 Wn. App. 110, 126, 316 P.3d 1070 (2013)).  The scope of review for this challenge to an agency decision is "very narrow, and the party asserting it carries a 'heavy burden.'"  *Ass'n of Wash. Spirits & Wine Distribs. v. Wash. State Liquor Control Bd.*, 182 Wn.2d 342, 359, 340 P.3d 849 (2015) (internal quotation marks omitted)

(quoting *King County Pub. Hosp. Dist. No. 2 v. Dep't of Health*, 157 Wn. App. 740, 749, 274 P.3d 1141 (2012)).

Application Software fails to meet that heavy burden. Again, the key undisputed fact before the board was that Application Software no longer had tenancy rights in the licensed premises as the result of a presumptively valid superior court order. Considering the eviction order, the board was required to discontinue Application Software's license, pursuant to the plain language of RCW 314-55-135(6): "Persons operating without a []LCB approved licensed location . . . *will* be discontinued." (Emphasis added.) Application Software's persistent argument that the eviction was unlawful is irrelevant because a hearing before the LCB was not the proper forum for that dispute.

Further, at oral argument before this court, Application Software asserted that "[t]his whole process of granting licenses and enabling change of location is completely subjective," but also that the LCB is obligated to comply with the requirement of RCW 69.50.331(1) that the agency "must conduct a comprehensive, fair, and impartial evaluation" of applications.[12] On the permanent withdrawal notice, the LCB clearly acknowledged its responsibility under the statute to conduct such an assessment, stating that "[t]he following law/rules apply . . . RCW 69.50.331." In response to direct questioning by this panel, Application Software agreed that a comprehensive review would include "a number of issues,"[13] including historic compliance with other provisions of the WAC, but failed to identify evidence in the record on appeal that would establish the LCB deviated

---

[12] Wash. Ct. of Appeals oral argument, *supra,* at 20 min., 50 sec.
[13] Wash. Ct. of Appeals oral argument, *supra,* at 22 min., 4 sec.

from the standard set out in the statute with regard to its handling of Application Software's COL application or the decision to discontinue the license. A concession that multiple factors are considered in a statutorily-compliant review, and agreeing that the sorts of factors plainly addressed in the final order here would be part of a comprehensive, fair, and impartial review, cuts against Application Software's argument that the board acted in a manner that was "'willful, unreasoning, and taken without regard to the attending facts or circumstances'" when rendering its decision. *Wash. Rest. Ass'n*, 10 Wn. App. 2d at 341 (internal quotation marks omitted) (quoting *Lane*, 178 Wn. App. at 126). Again, it is not the role of this court to reweigh results of those considerations as to credibility and weight of evidence. *See Honeywell*, 2 Wn. App. 2d at 613. Application Software fails to establish that the board acted in a willful or unreasoning manner such that the arbitrary or capricious standard is met under RCW 34.05.570(3)(i).

Application Software has not satisfied its burden on appeal in order to demonstrate entitlement to relief under the standards of judicial review of an agency decision. The final order of the board is affirmed.

Hazelrigg, ACJ

WE CONCUR:

Birk, J.          Coburn, J.

- 15 -